(111 So. 331)

No. 26282.

## TRUE–TAGG PAINT & GLASS CO. v. M. AUGUSTIN PAINT & GLASS CO.

(Jan. 3, 1927.)

*(Syllabus by Editorial Staff.)*

1. **Appeal and error ⬿749 — Reconventional demand of defendant on failing to answer appeal passes out of case.**

Where defendant in civil suit, having filed reconventional demand therein, fails to answer

162 LA.—30

appeal, such reconventional demand passes out of case.

2. **Sales ⬿168½(7)—Loss of stock of goods by fire held on seller, failing to remove unsold goods on buyer's demand as agreed and after inventory was taken.**

Where seller, on buyer's request that it take back unsold portion of paint stock as agreed in contract, took inventory of goods in cases, but not of goods on shelves in buyer's store, but failed to remove all goods before fire, loss of such goods caused by fire *held* to be on seller; failure to inventory goods on shelves being immaterial because of opportunity afforded to make it.

3. **Sales ⬿168½(7)—Refusal of buyer, who demanded that seller take back unsold goods as agreed, to furnish inventory, held immaterial, where seller had opportunity to take inventory.**

Where stock of paints, delivered to buyer under contract entitling it to return unsold goods, was destroyed by fire while in buyer's possession after breach of contract by seller and buyer's demand for removal of goods, buyer's failure or refusal to furnish list of goods on hand to seller *held* immaterial; seller having been given full opportunity to take all necessary lists and inventories.

4. **Sales ⬿181(11) — In seller's action for paints destroyed by fire, evidence held to show seller's acknowledgment of buyer's right to return goods.**

In seller's action for balance due on shipment of paints destroyed while in buyer's possession after seller's breach of sales contract, evidence *held* sufficient to show seller's acknowledgment of buyer's right to return goods under terms of written agreement.

Appeal from Civil District Court, Parish of Orleans; Hugh C. Cage, Judge.

Action by the True-Tagg Paint & Glass Company against the M. Augustin Paint & Glass Company, in which defendant filed a reconventional demand. Judgment dismissing demands of both plaintiff and defendant, and plaintiff appeals. Affirmed.

Emile Pomes, of New Orleans, for appellant.

John D. Nix, Jr., and Walter W. Wright, both of New Orleans, for appellee.

LAND, J. Plaintiff sues defendant for a balance of $2,203.20, alleged to be due on a carload shipment of paints and varnishes. Defendant company admits the delivery of the goods, but avers that, under the written contract between the parties, it had the legal right to return the remaining goods unsold, for the price of which plaintiff has sued, and that it tendered these goods to plaintiff prior to the fire, in which the larger portion of the goods was destroyed.

Defendant company in its answer alleges that plaintiff company has violated its contract, by its failure to send an efficient salesman to defendant's territory to assist in disposing of the goods, and reconvenes for damages in the sum of $600, alleged to be the amount of profits of which defendant has been deprived through the breach of the contract by plaintiff.

[1] The demands of plaintiff and of defendant were dismissed at their cost in the lower court. Plaintiff alone has appealed. As defendant has failed to answer the appeal, the reconventional demand of defendant has passed out of the case.

[2] The respective rights of the parties to this suit depend upon the following contract, which was entered into by them on February 27, 1922:

### "Contract.

"Between M. Augustin Paint & Glass Company of New Orleans and the True-Tagg Paint Company of Memphis, Tenn.

"True-Tag Paint Company agree to ship M. Augustin Paint & Glass Company a carload of paints and varnishes to be paid for on the following terms: One-third payable May 1st, one-third July 1st, and one-third September 1st. True-Tagg Paint Company agree to keep a salesman in this territory regularly, and all orders taken are to be turned over to M. Augustin Paint & Glass Company, except those handled through Demorelle and Albert. Full freight to be allowed on all shipments to New Orleans on carload and less than carload lots.

"Any goods found to be unsalable or not suited for this territory may be returned or exchanged for other goods at purchase price. This agreement is for one year, but can be terminated at any time by a written notice of ninety days by either party.

"Should the True-Tagg Paint Company fail to fulfill their part of this agreement, all goods purchased from them and in possession of M. Augustin Paint & Glass Company can be returned for credit at purchase price or disposed of by the True-Tagg Paint Company.

"Such trades as cannot be handled by the M. Augustin Paint & Glass Company to advantage, or are not desired by the M. Augustin Paint & Glass Company, it is understood and agreed shall be shipped direct and the accounts carried by the True-Tagg Paint Company."

On May 29, 1922, defendant company addressed to plaintiff, the True-Tagg Paint Company, the following letter:

"It is now over three months since you shipped the car of paint, and, as we do not think you are living up to your contract with us, we wish to give you ninety days' notice to take off our hands balance of goods left over from shipment you made on March 15th.

"You placed Mr. Comerford in this territory to solicit business for us, but we see neither Comerford or orders. Evidently the goods shipped us must be altogether unsalable, as Mr. Comerford has not sold as much as $250 in the three months since we received the car of paint. As we cannot use any unsalable goods, and you have failed entirely to keep part of your contract, we would like to have you advise us what disposition to make of the goods left over."

On July 26, 1922, defendant company again requested plaintiff company "to take all unsold goods off our hands and we will settle for whatever goods we have sold."

On August 14, 1922, defendant company wrote plaintiff company as follows:

"We herewith inclose check for $1,064.67 for goods shipped last March and April which we have decided to keep, and balance of goods we will ship back as soon as we can check up what we still have on hand."

Plaintiff company replied to this letter on August 26, 1922, as follows:

"Your favor of August 14th, with a check for $1,064.67 for goods shipped in the carload in March, has been referred to the writer for attention.

"You say that you are going to keep some of these goods, and the balance you will ship back

to us as soon as you can check up promptly and see what you have on hand.

"Now, gentlemen, we don't want (you) to ship any of these goods back. We would like to have you give us a list of the goods in duplicate, or give one list to our Mr. Lohman, and send us the other one. If you will do this, we will get busy and move the goods that you cannot handle.

"We had bad luck with Mr. Comerford, as Mr. Lohman will tell you, lost a lot of money on him, and therefore we are anxious to handle the goods still in your hands in a way that will not net us any further loss, if possible.

"We are selling goods all around New Orleans, and when we get your list, we believe that we will be able to handle the matter in a way that will be satisfactory to you, and ourselves."

On August 21, 1922, plaintiff company replied to the letter of defendant company of August 14, 1922, stating:

That their Mr. True would get in touch with them "regarding the return of these goods. We have in mind the probable distribution of them in another fashion, rather than have them come back to us here."

We find in the record an inventory made of these goods by H. O. True and T. H. Lohman, representatives of plaintiff company, showing that stock was taken on August 25, 1922. Mr. True testifies that the correct date of the inventory is about July 22 or July 27, 1922.

It is stated by Mr. True in his testimony that he and his assistant, Mr. Lohman, took an inventory only of case goods, and not of goods on the shelves, on the second floor of the store building of defendant company.

This is not important, as free ingress to the building was granted them by defendant company for the purpose of taking necessary inventories of all the goods on hand, which said company had desired to return to plaintiff company as early as May 29, 1922. Ample opportunity for removal of all of these goods before the fire had been given to plaintiff company, and, as these goods were burned through its apparent neglect, the loss must be borne by plaintiff company, and not by defendant.

An attempt has been made to avoid the legal effect of the laches of plaintiff company in removing these goods from the store of defendant company, by the testimony of Mr. True to the effect that he had an arrangement with M. Augustin of defendant company, by which it was agreed that the goods should remain in its store, and that M. Augustin would assist one of plaintiff company's men in disposing of same. The existence of such an agreement is denied by M. Augustin, who is corroborated by the repeated demands of defendant company for the removal of these goods in letters addressed to plaintiff company of dates May 29, July 26, and August 14, 1922.

[3] With full opportunity shown by the evidence for the taking of all necessary lists and inventories which might have been desired by plaintiff company, the failure or refusal of M. Augustin to furnish a list of the goods on hand becomes merely a negligible element in the case, and is therefore unimportant.

Plaintiff was placed in due default under the contract, and was given 90 days' notice to remove the goods, beginning from May 29, 1922. The delay expired on August 27, 1922, or at least 5 days before the fire, which occurred September 2, 1922.

[4] The letters of plaintiff company and the taking of the inventory by its agents clearly show an acknowledgment of the right of defendant company to return the goods in question, under the terms of the written agreement between the parties.

The evidence discloses that defendant company collected no insurance on these goods, and holds at the risk of plaintiff company the small stock of goods belonging to it, and which was salvaged from the fire.

In our opinion, the judgment appealed from is correct.

Judgment affirmed.