No. 2282

**Second Circuit**

---

### SANITARY PLUMBING CO. v. CARNAHAN

---

(April 22, 1927. Opinion and Decree.)
(May 13, 1927. Rehearing Refused.)

---

*(Syllabus by the Court.)*

1. **Louisiana Digest—Builders and Buildings—Par. 20, 23, 25.**

The owner of an apartment house who has contracted for certain plumbing material and work and who has in his possession part of the contract price, may contract for the correction of any defective installation and pay for the same out of the money in his possession; but he will not be allowed loss of rent of the apartment as damages while it was untenantable on account of defective plumbing when he made no effort to lease the premises and the defective plumbing could have been corrected at a cost less than the balance of the contract price still in his hands.

2. **Louisiana Digest—Builders and Buildings—Par. 25—Damages—Par. 48, 74.**

Where a party is entitled to the benefit of a contract and has in his hands money that will be due the contractor on completion of the work and can save himself from loss by reason of a breach of the contract by the other party, it is his duty to minimize his loss as far as practicable and he can hold the contractor only for such damages as with reasonable endeavor and expense he could not prevent.

Campbell vs. Miltenber, 26 La. Ann. 72; Armstead vs. Ry. Co., 108 La. 171, 32 South. 456.

3. **Louisiana Digest—Appeal—Par. 625.**

The finding of the trial court on a question of fact will not be disturbed on

appeal unless manifestly erroneous. Gournay vs. Prather, 4 La. App. 715.

4.  Louisiana Digest—Builders and Buildings—Par. 15, 25—Obligations—Par. 162—Damages—Par. 74.

Where a party to a contract has waived a breach thereof by the other party, he cannot thereafter recover damages for such breach.

Tremont Lumber Co. vs. Robinson Lumber Co., 160 La. 254, 105 South. 101.

Appeal from the First Judicial District Court of Louisiana, Parish of Caddo. Hon. J. H. Stephens, Judge.

Action by Sanitary Plumbing Company against H. C. Carnahan.

There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

Bullock & Warren, of Shreveport, attorneys for plaintiff, appellee.

Dimick & Hamilton, of Shreveport, attorneys for defendant, appellant.

### STATEMENT OF THE CASE

REYNOLDS, J. This is a suit to recover the sum of $510.75, balance alleged to be due for plumbing material furnished and labor performed by plaintiff for defendant on an apartment house in the city of Shreveport.

Plaintiff contracted to do the work and furnish the material for $1760.00 and has received on account of the price $1250.00.

Defendant denied liability and reconvened for damages in the sum of $2645.00. He itemizes his damages as follows:

Loss of rent by reason of defective work and by reason of the premises not being ready for occupancy as soon as they should be by reason of plaintiff's default, $1930.00.

Money expended by defendant to repair damages done to the premises by plaintiff's negligence, $60.00.

Material used by plaintiff belonging to defendant and not paid for by plaintiff, $15.00.

Material to be furnished by plaintiff but not furnished and furnished by defendant at his own cost, $15.00.

Loss of time and inconvenience defendant was put to in supervising performance of the work in the effort to have it done promptly and properly, $250.00.

Trouble and inconvenience caused defendant and additional expense he was put to in the construction of the apartment by reason of plaintiff's inefficient work, $150.00.

Cost of repairing defective work done by plaintiff, $225.00

On these issues the case was tried and there was judgment in favor of plaintiff for $450.75 and defendant appealed.

### OPINION

The trial court allowed plaintiff the full amount it sued for, less $60.00, and whether or not this deduction was proper is not before us to decide for the reason that plaintiff did not appeal from the judgment nor has it asked in this court that the judgment be amended.

So that the only question before the court is defendant's reconventional demand for loss of rent and other things.

Defendant earnestly contends that he has established by the testimony of himself and his wife and of F. A. Wolfe, J. F. Schilling, C. O. Randall and B. F. Hill that the work was imperfectly done by plaintiff.

Neither plaintiff nor his wife is a plumber and they do not claim to have such technical knowledge as to what constitutes correct installation of plumbing as would give value to their testimony on the subject.

Their testimony that the plumbing ·was improperly done does not outweigh the positive testimony of the two members of the plaintiff, both of whom are experinced plumbers and both of whom testify that the work was properly done.

As to the witness F. A. Wolfe,` he was the plumbing inspector of the city of Shreveport and in that capacity he approved the plumbing as being properly installed. He testified, page 37.

"Q. I understand you to say that this work was done in a workmanlike manner?
"A. Yes, sir.
"Q. And it was completed?
"A. The job was completed, yes sir.
"Q. The job was completed?
"A. Yes, sir.

J. S. Schilling testified, page 60.

"Q. Then you do not know whether it was due to Mr. Carnahan's fault or due to the plumber when the freeze came and the lavatories were pushed off the wall?
"A. No, I could not tell whether Mr. Carnahan cut the water off, or whether it was on or not.
"Q. That is all you found, though; the lavatories and the cut-offs.
"A. That is all I saw.
"Q. In your opinion that was all you found that could be criticized?
"A. That was all the trouble I found.
C. O. Randall testified, pages 73, 79, 81.
"Q. I will ask you whether or not the job, in your opinion was this plumbing installed in a workmanlike manner?
"A. In a workmanlike manner, yes; there was nothing wrong with the sanitary arrangement of the pipes. Whether pipes would not have drained properly I could not say that.

*    *    *

"Q. Both ways can be workmanlike?
"A. Both ways comply with the City Ordinance."
B. F. Hill testified, page 92.
"Q. So that the only trouble that you found with the plumbing after February 1st was that you found the water mixed in your apartment?
"A. Yes, sir.
"Q. That was all that was wrong?
"A. Yes, sir.
"Q. Nothing else was wrong, so far as you know?
"A. No, sir.
"Q. You are not a plumber?
"A. No, sir.
"Q. You do not know anything about plumbing work?
"A. No.
"Q. You do not know whether the work was done properly or improperly?
"A. Of course I know when a job is turned out, when it is all crossed up with hot and cold water, I know it is not right.
"Q. How long after you complained before that defect was remedied?
"A. I suppose three or four weeks; something like that.
"Q. How long after you complained before there was an attempt made to rectify the error?
"A. Well, I don't know; I told Mr. Carnahan about it and he claims that he tried to get them out there to fix it; so it just stayed that way for three or four weeks.
"Q. Was it put in good condition then after three or four weeks?
"A. Yes, sir.
"Q. Had no trouble with it since?
"A. No, sir."

This evidence convinces us that defendant has failed to discharge the burden resting on him to prove the allegations of his defense that the plumbing was improperly installed.

But aside from this, the defects of installation complained of by defendant were minor and superficial and he had in his possession more than four hundred dollars of the contract price coming 'to plaintiff on completion of the work.

The evidence shows that the defects complained of could have been corrected in three or four days, and under Article 2765 of the Civil Code defendant had the right to discharge plaintiff and have the work completed by some one else and to deduct the cost out of the funds in his hands.

Defendant did not see fit to do this but called on plaintiff to complete the work according to contract and accordingly plaintiff did so and obtained the approval of the plumbing inspector of the city of Shreveport that the work was done in accordance with the sanitary code of the city and thereafter accepted the work as completed.

By calling on plaintiff to complete its contract and accepting the work as complete defendant waived the breach of contract by plaintiff and could not thereafter sue for damages therefor.

Tremont Lumber Co. vs. Robinson Lumber Co., 160 La. 254, 105 South. 101.

Defendant insists that plaintiff is not entitled to recognition of the lien claimed by it.

On pages 29 and 30 the following evidence is found.

"Counsel for plaintiff offers in evidence lien from H. O. Carnahan to the Sanitary Plumbing Company covering balance due of $510.75, dated June 4, 1923, recorded Mortgage Book 98, page 524, filed and recorded June 5, 1923."

"Ordered filed, marked Plaintiff-1."

Under this evidence plaintiff is entitled to have its lien recognized under Act 139 of 1922.

For the reasons assigned, it is ordered, adjudged and decreed that the judgment appealed from be affirmed.