## THE COLUMBIA WEIGHING MACHINE CO. v. BALTER

(November 13, 1928. Opinion and Decree.)
(November 26, 1928. Rehearing Refused.)
(January 3, 1929. Decree Supreme Court, Writ Refused.)

Jas. J. Cullinane, of New Orleans, attorney for plaintiff and appellant.

A. M. Curtis, of New Orleans, attorney for defendant and appellee.

WESTERFIELD, J.  Plaintiff, a New Jersey corporation, domiciled in New York, sold to defendant, a resident of the City of New Orleans, a weighing machine for $180.00 to be paid for at the rate of $10.00 per month.  The sale was evidenced by written contract, on a printed form of offer and acceptance, reading as follows:

"February 28, 1927.
"THE COLUMBIA WEIGHING
MACHINE COMPANY, INC.,
"9 West Sixty-First St., New York, U.S.A.
"$10.00 Payable Monthly
"Price $180.00
"Freight Paid
"You may ship us one Columbia Weighing Machine, freight paid. It is sold to us with the understanding that we may return it to you at any time within thirty days from date of arrival of the machine, instead of paying the purchase price. Return shipment to be made to above address, by freight only; freight charges collect. Should we not ship it back to you within thirty days from date of its arrival, we will pay you the purchase price thereof, namely, one hundred and eighty dollars, as follows:   $10.00 per month, until paid; first payment to be made within forty days from date of arrival of the machine.

"Should we be two monthly payments in arrears at any time, the entire unpaid balance of the purchase price shall then become due, together with attorney fees amounting to twenty percent of the sum in default, if collection is made by law.  It is understood you are to supply us with any mechanical parts required for the machine for a period of five years, without charge.  Whenever we may want a part, we are to inform you by registered mail.
"Firm Name: J. T. Baltar's Pharmacy.
"Signed by: Joe. T. Balter.
. "Six percent may be deducted if the entire purchase price is paid within forty days from date of arrival.  No verbal agreement will be recognized.  All orders are subject to acceptance by the Company, at its home office at New York City."

Defendant was not satisfied with his purchase and shipped the machine back to plaintiff May 11, 1927.  Plaintiff, contends that the machine was returned too late, for the reason that the contract requires the purchaser to return the machine within thirty days after delivery, which he may do for any reason or without explanation, otherwise his obligation is absolute to accept the machine and pay the price.

It is admitted that the machine was delivered to defendant on or about April 1, 1927, and, that, consequently it was not returned until nine days after the expiration of the thirty days mentioned in the contract.  Defendant explains the delay by saying, that the agent in this State for the plaintiff corporation, Mr. F. B. Mendel, requested defendant, in the event that the machine was not satisfactory, to write the plaintiff corporation for instructions as to its disposition, and, await its reply before shipping it back, in order that freight charges might be saved, in the event that plaintiff desired to place the machine with some other customer in New Orleans, and that he wrote plaintiff under date of April 21, 1927, as requested by Mendel, to

which letter no reply was received, until July 8, 1927, when a demand for payment of the account was made.

It is also contended that the contract is a New York contract described in the jurisprudence of that State as one "on sale or return" and we are referred to several cases, in which the present plaintiff, was a party, interpreting similar contracts and upholding the contention of plaintiff on this point.

In reference to the action of plaintiff's agent, counsel takes the position that it could in no wise affect the provisions of the contract requiring the defendant to return the machine within thirty days, or to pay the price, and he points to a sentence, under defendant's signature, reading "No verbal agreement will be recognized."

We find it unnecessary to determine whether the contract sued on is a New York contract or a Louisiana contract. Giving to the agreement sued on, the full effect claimed for it, we are nevertheless of the opinion that plaintiff cannot recover, for the reason that the original contract was modified by the action of the plaintiff's agent, impliedly assented to by plaintiff itself. There was ample time given plaintiff to repudiate the action of its agent, had it been so disposed. Its silence, until after the expiration of the thirty days, must forever close its mouth concerning that clause in the original contract, which it has waived. Its conduct has estopped it.

"It is a general rule that an unsealed written contract, as well as one not in writing, may be discharged or modified by a subsequent oral agreement, and that the parol evidence rule does not exclude oral evidence thereof in a proper case. Illustrations of this rule and its application are numerous. It is also well settled that a provision in the written contract to the

effect that it shall not be changed or modified except in writing does not prevent a subsequent oral agreement to change, modify or abrogate it."

Elliott on Contracts, Volume III, page 6.

See also on the question of estoppels, Ibid, Volume 5, page 222; Harvey vs. Moucou, 3 La. App. 231.

The manifest equity of defendant's cause cannot be ignored, except upon legal considerations of the most compelling character, which, fortunately, do not obtain in this case.

For the reasons assigned the judgment appealed from is affirmed.