Plaintiff sues to recover an alleged balance on open account due it by the defendant. Plaintiff alleges that it sold and delivered to defendant in September, 1939, eight truck tires and eight tubes for the total price of $246.48, on which was paid the sum of $55.07 in February, 1940, leaving a balance due of $191.41 for which amount judgment is sought.
The defendant contends that these tires and tubes were left in his possession by the plaintiff company with the understanding that at the end of the cane season of 1939, he was to pay plaintiff for such tires and tubes as he might use during the cane harvesting season, and plaintiff was to take back the tires and tubes not so used; that these articles were left with him on consignment; that he used all the tubes and one of the tires during the season amounting to $55.07, and during the latter part of December, 1939, he notified plaintiff's representative to take up the tires left on his hands and he would settle for the articles which he had used; that the representative promised to take these unused tires within ten days but failed to do so; that on January 26, 1940, the tires were destroyed in a fire that burned his residence for which he was in no way responsible.
The case is before us on an appeal by the plaintiff from a judgment which rejected its demands.
As there is no claim made that defendant was in any way responsible for the fire which destroyed these unused tires, the question presented is whether these tires were held by the defendant at the time of the fire at his risk or at the risk of the plaintiff company. The answer to this question depends on the kind of agreement had between the parties and the legal effect of that agreement.
We do not find from the evidence that there is a great deal of difference between the parties as to the nature of the agreement with reference to these tires and tubes, but their principal difference is as to the interpretation and legal effect of the agreement. According to the plaintiff, these tires and tubes were sold to the defendant for a fixed invoice price, with the understanding that at the end of the cane season, plaintiff would take up the tires and tubes not used by the defendant and give him credit for the unused articles at the invoice price. The defendant's understanding of the agreement was that plaintiff left these tires and tubes with him on consignment and on the condition that he was only to pay for such tires and tubes as he used on his trucks in harvesting his cane crop.
Whether we accept the plaintiff's understanding of the agreement or that of the defendant there is no difference in the *Page 284 
legal results. In either event the unconditional liability of defendant for the price was made subject to a suspensive condition, ie, that he would use all or a part only of the tires and tubes during the cane season, and his liability for the price did not arise until and unless he did use these articles or part of them during that season.
A sale may be made under a suspensive condition, in which case the effect of the condition is to be governed by the principles laid down in the Civil Code relating to conventional obligations. C.C. art. 2457. A suspensive condition is that which depends either on a future and uncertain event, or on an event which has taken place but without being known to the parties. C.C. art. 2043. The future and uncertain event in this case on which the liability of the defendant depended was his use of all or part of the tires and tubes during the cane season of 1939. His obligation as debtor being based on that condition, the thing which formed the object of the contract, even though it might be held at his risk, yet if the thing was entirely destroyed without his fault, the obligation was extinguished. C.C. art. 2044.
With certain exceptions and modifications mentioned in the Civil Code, as soon as a sale is completed, the thing sold is at the risk of the buyer. C.C. art. 2467. However, a sale made on a suspensive condition does not transfer the property to a buyer until the fulfillment of the condition, and if the thing sold be destroyed before the happening of the condition, the loss is sustained by the seller. C.C. art. 2471.
There was no fault or neglect on the part of the defendant in notifying plaintiff to take up the tires remaining on hand after the cane season was over. Neither was there any negligence on his part in keeping these tires in his possession for which he had never become liable for the price as a purchaser. He paid for the tire and tubes used by him and for which he had become liable by reason of the happening of the suspensive condition which was to make him liable, and he has no further liability to the plaintiff company.
For the reasons assigned, it is ordered that the judgment appealed from be and the same is hereby affirmed at the cost of appellant in both courts.