Plaintiff in an original and supplemental petition alleged that he, on February 8, 1946, sold defendant a water pump at a price of $200.00, on which defendant paid on July 9, 1946, the sum of $50.00 and that defendant was further indebted to him for shop work amounting to $50.50; that this amount of $200.50 was subject to a credit of $22.51 for lumber delivered by defendant, leaving a net balance due plaintiff of $177.99.
Defendant in his answer admitted the delivery of the pump, but alleged that the price of $200.00 was to be paid "after view and trial;" that the pump, after installation, did not serve its purpose and hence the contract of sale was never completed.
Becoming plaintiff in reconvention, he alleged that plaintiff had borrowed $50.00 from him in July, 1946; that he had delivered to plaintiff lumber worth $30.90 and that plaintiff had borrowed and kept in his possession a saw-switch, a 32" mill saw, and saw mantle, of a total value of $128.85, which he had refused to return despite repeated amicable demand; that as a result of plaintiff's action in keeping defendant's property, he had lost four days time in the operation of his mill, which he valued at $20.00 per day.
Defendant set up as a further item of damages the wages of his employees in installing *Page 151 
the allegedly defective pump and other expenses connected with its attempted use. Defendant's counsel in brief has abandoned his claim for these items and they need not be further discussed.
After trial, the District Court rendered judgment in favor of plaintiff and against defendant for $40.75. From this judgment, defendant prosecutes this appeal.
No written reasons for the judgment are in the record. Counsel for defendant filed a brief in which the following information is contained:
"Judgment was rendered in favor of appellee in the sum of $40.- 75. The judgment was detailed by the trial judge in his oral opinion as follows, to-wit:
Credits for plaintiff-appellee Sale price of pump $200.00 Charges for repair work 50.50 ------- Total $250.50
Credits for defendant-appellant Loan to appellee $ 50.00 Lumber sold and delivered to ap- pellee 40.90 Property of appellant converted to his use by appellee 128.85 -------- Total $209.75"
Counsel for plaintiff has filed no brief in this Court, although certificate of counsel for defendant shows that he made timely and personal delivery of his brief to opposing counsel.
[1, 2] The record discloses that plaintiff and defendant had been long time friends, neighbors and associates. The plaintiff operates a repair and machine shop near Columbia, Louisiana. Defendant is the owner and operator of a small sawmill at Grayson, Louisiana, less than three miles distant. The record is clear that arrangements were made between the parties for the installation of a pump, which plaintiff had used in a water well drilling operation and for which he had paid $200.00, at defendant's mill for the purpose of washing mud from logs prior to their manufacture into lumber. It is also clear from the record that the pump never did operate successfully nor perform any service of value to the defendant. Plaintiff's explanation of the trouble was that defendant used a two inch pipe to connect the water to the pump instead of a three or four inch connecting link and that he failed to install a foot valve, which would have cost four to six dollars. The record also shows that plaintiff received $50.00 from defendant several months after the pump was installed. Defendant testified that this was a loan made to plaintiff at his request. Plaintiff testified that the $50.00 was paid on the purchase price of the pump. Defendant admitted a separate item of $2.00 on the total of $50.50 claimed for repairs. Plaintiff's testimony supporting the remainder was rather general and indefinite. However, the record supports the finding of the District Court that the pump was purchased and the repair work done, and also defendant's contention that the lumber was delivered to plaintiff as set forth in the answer.
[3] We find that plaintiff held defendant's equipment in the total value of $128.85 and refused to return same "until he had a settlement" with defendant. The plaintiff had a right to retain possession of the equipment until his legitimate charges for repair work were paid. However, he was without right in refusing to deliver possession of defendant's sawmill equipment until he received a settlement on the water pump. Defendant claims a total of $80.00 for loss of time in the operation of his mill due to this unjustified withholding of his equipment by plaintiff. We have concluded that $60.00 would be a fair allowance for this damage.
Since, according to the information contained in defendant's brief, no allowance was made to defendant for this item of damage, the effect of its allowance would be to change the account between the parties from the sum of $40.75 due plaintiff to the amount of $19.25 due to defendant.
The judgment appealed from is set aside and judgment is now rendered in favor of the defendant, as plaintiff in reconvention, and against plaintiff, defendant in reconvention, in the sum of $19.25. All costs to be borne by plaintiff. *Page 152