TATE, Judge.
This is a suit on an open account for building materials sold in the amount of $1,869.68. The sole issue raised by plaintiff’s appeal is whether the defendant purchaser is entitled to credit for $410.48 for flooring and siding delivered to her premises upon her order, but not accepted or used by her in the construction of her residence.
The District Court restricted plaintiff’s judgment to the amount of $1,459.20, which was tendered by bank cashier’s check by defendant’s answer in the present proceedings (and had been previously tendered to and returned by plaintiff at least twice almost three years before this suit), thus sustaining defendant’s contention that she was entitled to credit for the unused flooring and siding.
Prior to construction of her home, the defendant had secured an estimate from plaintiff’s employee as to the cost of materials to be used therein. Subsequently, materials were delivered on order of her carpenter, but materials not used were returned and credit given therefor. Following a disagreement between the parties arising out of the defendant buyer’s (probably unfounded) feeling that the cost of materials was substantially exceeding the original estimate, the purchaser decided to buy no more materials from the plaintiff and requested him to pick up and remove the flooring and siding in question and to give her credit for such rejects in accordance with the custom and course of business dealings between the parties.
*902 , This rejection was made immediately after the delivery to defendant’s premises of the materials in question. There is no 'contention on defendant’s part that the materials themselves were unsatisfactory or not in accordance with her order or the 'price quoted. Subsequent to the plaintiff’s repeated refusal to accept the return of the materials, they have been and are kept by the defendant purchaser for the plaintiff seller and subject to his order.
Plaintiff concedes that the custom or course of business relationships contemplated his accepting and crediting defendant purchaser for unused material previously ordered by her, but contends that she is not entitled to credit in this instance be-cduse the materials tendered in return were hot in good condition or saleable to other customers.
Thus both parties agree that the materials were sold and/or delivered to defendant under what is sometimes denoted in our jurisprudence as a “contract of sale or return”. Under such a legal relationship, the goods are sold and delivered to the buyer, with a right on his part to return at his option all or part of the goods within a reasonable time (or within a time specified by the contract) and to be liable only for the balance he keeps. William Frantz & Co. v. Fink, 125 La. 1013, 52 So. 131; C. V. Hill & Co. v. Interstate Electric Co., La.App. 2 Cir., 196 So. 396; 77 C.J.S. Sales §§ 213-215, 269.
An exercise by the purchaser of his privilege to return the goods in accordance with such a contract absolves him of liability to pay for those returned or whose return is tendered and refused. A. L. Kornman Co. v. Newman Clothiers, La.App. 1 Cir., 200 So. 678; Columbia Weighing Machine v. Balter, 9 La.App. 326, 120 So. 397, certiorari denied. Upon the seller’s delaying or refusal to accept the return of the goods, the purchaser holds them as the former’s bailee or depositary and is not responsible for their loss or deterioration in the absence of fault on his part. True-Tagg Paint & Glass Co. v. M. Augustin Paint & Glass Co., 162 La. 929, 111 So. 331; H. T. Cottam & Co. v. Sonnier, La.App. 1 Cir., 2 So.2d 283.[1]
Whether a transaction constitutes an outright sale or else a sale made with the privilege of return depends in each instance upon the intention of the parties. Winru Chemical & Sales Co. v. Collier, La.App. 2 Cir., 73 So.2d 9; A. L. Kornman Co. v. Newman Clothiers, La.App. 1 Cir., 200 So. 678; cf., Mayes v. Black, La.App. 2 Cir., 35 So.2d 150. The testimony in the present record shows that the business relationship between the parties contemplated sales made with the privilege of return rather than outright sales.
The trial court correctly held that there is no evidence in the record supporting the plaintiff’s contention that the materials whose return was tendered by defendant were no longer in good condition at the time of such tender, which was within a few days of their delivery to her. (Nor, for that matter, is there any evidence *903 beyond plaintiff’s suppositions to show that such materials had deteriorated at the time of the trial more than three years following his unjustified refusal to accept the return of the goods, irrespective of whether under the circumstances any deterioration could be chargeable to the defendant purchaser acting as unwilling depositary for the plaintiff seller.)
Plaintiff further argues that, at any rate, he should not be forced to take back the asbestos siding because the evidence shows that such material was not maintained in his regular stock and had been obtained for defendant by special order and therefore was not readily saleable. Even conceding such a circumstance might modify the contract of sale or return between the parties insofar as these materials were concerned, the defense that such specially ordered siding was an odd lot not easily re-sold is not sustained by the evidence. Plaintiff himself testified that he had initially offered to take the siding back (Tr. 20, 22), and as to this material the trial court held that it was “simply asbestos siding, green in color, a type of shingle or siding seen in common use today. There is nothing to show that it was damaged or that it could not have been re-sold for any other reason.” (Tr. 48.)
For the above and foregoing reasons^ the judgment of the trial court is affirmed.
Affirmed.

. This latter case has language likening such a transaction to a “sale, made with a suspensive condition”, LSA-C.C. Art. 2471, in which title does not pass until fulfillment of the condition, that is, acceptance by the buyer. Cf., Ewell v. Giamanco, 19 La.App. 672, 2 Cir., 139 So. 615. (Similarly, title does not pass in sales in which the view and trial are reserved by the buyer until acceptance by • the buyer. LSA-C.C. Art. 2460; J. D. Simms & Sons v. Hardin, 4 Orleans App. 103.) However, such language conflicts with the general rule that, unlike in such other types of transactions, a contract of sale or return contemplates a sale under a resolutory (and not a suspensive) condition, in which title passes to the purchaser subject to and until the exercise of his right to return them to the seller. See the William Frantz & Co. and C. V. Hill & Co. cases above-cited; see also 77 C.J.S. Sales §§ 268, 269, 270, 271. Such technical distinction is not, however, material to decision of the present controversy.