GLADNEY, Judge.
The defendant insurance company has appealed from a summary judgment on the pleadings and ordering it to render an accounting to the plaintiff, its former general agent.
This legal controversy involves application of certain provisions of the written contract and the entitlement of plaintiff to renewal premiums after defendant’s decision to terminate the contractual relationship under Section 24 thereof. The defendant contends termination was made under Section 18A, which provides for the immediate termination of the contract upon grounds particularized therein, with forfeiture of renewals in which instance plaintiff is not entitled to an accounting.
The facts disclose that on July 28, 1961, Thomas C. Garrett was appointed General Agent of the Girardian Insurance Company for the State of Louisiana, and that on June 28, 1962, the company by letter, notified Garrett it had elected to terminate his contract with thirty days notice, as provided under Section 24[1] of the contract without forfeiture of earned or renewal premiums that would accrue subsequent to the termination. However, on July 16, 1962, the company wrote Garrett it was rescinding its letter of June 28th and informed him that the contract was terminated as of that date under the provisions of paragi’aph 18A.[2] Excerpts from the letters dated June 28 [3] and July 16, 1962,[4] clearly disclose the position taken by the defendant company.
*286 The pleadings of the defendant contain allegations that plaintiff breached the contract through wilful misrepresentations in connection with its insurance applications and also that he gave it his check that was returned from the bank marked “insufficient funds”. The appellant contends it was warranted in rescinding its action under Section 24 and proceeding under Section 18A. The pleadings containing the charges referred to in the letter of July 16th fail to disclose the defendant did not have knowledge of such charges prior to its letter of June 28, 1961. It was incumbent upon the defendant to show that the letter of June 28, 1961, would not have been written if it had known the acts of misconduct alleged in the pleadings. In the absence of such information we must assume that the defendant did have such prior knowledge.
The issue so presented is whether the defendant may, after electing to cancel the agency contract under the non-forfeiture provisions of Section 24, later, but prior to the termination date of July 28th as fixed in the letter of June 28th, rescind that course of action and then cancel the contract under the forfeiture provisions of Section 18A. The plaintiff contends that the defendant having elected to cancel under the non-forfeiture provisions of the agreement may not thereafter pursue an inconsistent course by attempting to invoke the forfeiture provisions.
Appellant, in brief, declares that upon plaintiff’s breach of the contract the defendant had the right to demand its immediate dissolution with the resulting forfeiture, or it could have re-affirmed the contract after its breach, thereby electing not to dissolve it, and that as between these two courses of action there necessarily must be an election. However, it contends that in addition to these rights, defendant has the separate and distinct right to terminate the contract merely upon notifying plaintiff of such intent, and, therefore, the defendant had two separate substantive rights under the contract which are in no way inconsistent. We must disagree with the conclusion so reached. As there must be an election by the defendant to either reaffirm or dissolve the contract, so there also must be an election where the defendant is faced with the choice of two different courses of action in terminating the contract, the one which results in a continuance of payments of renewal premiums, and the other which forfeits or discontinues such payments. An exercise of either one of these rights of termination is entirely inconsistent with the other. They cannot subsist simultaneously and having elected to pursue one course of action, the right to rely on the other is renounced or waived and cannot thereafter be revived. Rescission of the course so- elected, therefore, may not be accomplished by the action of one of the parties affected without the consent of the other.
The judgment of the trial court was predicated on Borie v. Smither, La.App., 8 So.2d 148 (Orl.1942), wherein Judge Simon held that where “once a party to a contract has elected a remedy, or right, or option, on which he will rely under his contract, he cannot thereafter shift to another remedy, right, or option which subsequent circumstances or events might make it more advantageous for him to adopt.” The cited case presents facts strikingly similar to the circumstances arising in the instant case. The court reasoned:
“Had defendant intended or desired to invoke the renewal forfeiture clause of the contract, thereby depriving plaintiff of the benefit of any renewals, accrued or to accrue, he would unequivocally and unmistakably have done so. In the case before us, under the facts as presented, he chose to and did exercise his rights under the contract by terminating plaintiff’s agency and thereafter continuing to credit on his books and make payments thereunder of all commissions and renewals as they accrued, retaining for himself the 1 per cent, penalty for collection thereof. Having chosen and exercised this right and remedy, he must be held to have *287 renounced and waived all other remedies or rights afforded by the contract and cannot now he heard to seek a revival of that right. Des Allemands Lumber Company v. Morgan City Timber Company, 117 La. 1, 41 So. 332; Bierce v. Hutchins, 205 U.S. 340, 27 S.Ct. 524, 51 L.Ed. 828; Sanitary Plumbing Company v. Carnahan, 6 La. App. 547; Columbia Weighing Machine Company v. Balter, 9 La.App. 326, 120 So. 397; Tremont Lumber Company v. Robinson Lumber Company, 160 La. 254, 107 So. 101.”
The only factual difference, which in our opinion, is immaterial, is that in Borie v. Smither, the election to exercise the forfeiture clause occurred long after the contractual relationship had terminated, whereas in the instant case the attempt to exercise the forfeiture clause was made after an election to terminate with notice and without forfeiture, but prior to the end of the thirty day notice period. In our opinion the two methods that were open to the defendant company through which it could terminate the contract were inconsistent, forasmuch as one contains a forfeiture and other a non-forfeiture provision, either of which affected the rights of both parties. Therefore, if an election of one of the methods is made, it must be considered as effective when made. Consequently, after the letter of June 28th, which expressly stated that it was the company’s election to terminate Garrett’s contract under the provisions of Section 24, the company was bound thereby and must be held to have at that time renounced and waived all other remedies or rights accorded by the contract and cannot now be heard to seek a revival of that right.
The trial judge reasoned that the rule as established in Borie v. Smither, supra, was controlling and, therefore, sustained plaintiff’s motion for a summary judgment on the pleadings. The defendant, having made its election, was bound from that moment and although it could have terminated plaintiff’s contract at any time prior to the expiration of the thirty-day notice-without invoking Section 18A, apparently defendant’s attempt to invoke the forfeiture-provisions was legally unjustifiable. We fail to find manifest error in the judgment under review, and accordingly, the same is affirmed at appellant’s cost.

. “Section 24. Unless otherwise terminated, this Contx’act may be terminated by either party at any time and without cause by giving written notice to the other party (notice by mail to the last known business address of the other party shall be sufficient), stating the date thereafter when termination shall be effective, which date shall not be less than thirty days nor more than thirty-five days from the date the notice is mailed or otherwise given. The authority of the General Agent to act hereunder shall cease on the date specified in the notice.”

. “Section 18A. The General Agent shall not wrongfully withhold any funds, vouch-ex's or other property belonging to an applicant or policyholder. Any failure of the General Agent to make the reports or to pay over to the Company the premiums, monies, or other property as provided herein, or to comply with any of the terms and conditions of this Con-ti’act, shall at the option of the Company and upon notice to the General Agent, effect an immediate termination of his Contract, and a forfeiture of all rights of the Genei-al Agent under the same, and all commissions provided for herein.”

. Letter June 28, 1961.
“As you know, your contract provides for not less than thirty (30) days’ notice in writing of the Company’s election to do so. This will serve as such notice that your contract will terminate Jxxly 28, 1962. * * * It is understood, of course, that all obligations and debts to the Company heretofore incurred or assumed by you, and liens and rights of offset by the Company still exist in keeping with the above mentioned contract. Likewise, as to business written by you under such contract while in force, your rights to First Year Commissions and/or Renewal Commissions, if any, as contained in such contract with the Company still exist, in accordance with the tei’ms of such contract. * * * ”

.Letter July 16, 1962.
“ * * ;i: You are hereby instructed to cease immediately solicitations of any and all insurance applications. The Company is hereby terminating your General Agent’s Conti’act dated July 28, 1961, in accordance with paragraph 18A, termination effective today, July 16, 1962. “This will also serve as an immediate demand for a Cashier’s Check to replace your check dated June 25, 1962, in the amount of $153.67 which has been returned by your bank marked ‘Insufficient Funds’. Also, we need a Cashier’s Check for $599.97 covering balance of premiums due on reports 34A and 34B. These are cases on which you retained commissions after being told that all cases during termination period would have to be settled gross. * * * ”