**NATIONAL IRANIAN GAS COMPANY, Plaintiff,**

v.

**BASCO INDUSTRIES, INC., ABC Insurance Company, Defendants.**

**Civ. A. No. 78–235.**

United States District Court, E. D. Louisiana.

Jan. 27, 1981.

Ronald A. Johnson and John F. Colowich, New Orleans, La., for plaintiff.

Charles N. Wooten and Linda G. Smith, Lafayette, La., for defendants Basco Industries, Inc. and Sam L. Bass.

CASSIBRY, District Judge:

The plaintiff, National Iranian Gas Company (National Iranian), a foreign corporation of the country of Iran, seeks to recover damages in the amount of $165,000.00 from the defendants Basco Industries, Inc., (Basco), a Louisiana corporation, and Sam L. Bass, Jr., a citizen of Louisiana and president and majority stockholder of Basco, for refund of the purchase price of certain oil field equipment purchased in 1975 from Basco and for damage to the equipment at the instructions of Sam L. Bass, Jr., upon its return to Basco in 1977 at its facility in Houma, Louisiana.

The court has jurisdiction under 28 U.S.C. § 1332.

Plaintiff purchased from Defendant Basco certain oil field equipment, namely stabilizers and locking devices, for use in the Iranian Pars Field in the Persian Gulf. The equipment failed shortly after it had been installed in the Pars Field and after consulting with agents of Basco, National Iranian returned the equipment for refund of the purchase price. Upon arrival at the Basco facility in Houma, Louisiana, some of the equipment appeared to be damaged. It is alleged that other equipment was deliberately disfigured and damaged by employees of Basco acting under instructions from defendant Sam L. Bass, Jr. The parties failed to agree on the amount of refund and this suit was filed.

Plaintiff contends that the equipment was purchased pursuant to an oral contract which can be characterized as a contract of sale or return. As a term of the agreement, Basco represented that if the stabilizer equipment did not perform satisfactorily, plaintiff would receive a full refund. Since the equipment did not work properly, plain-

tiff demands that the terms of the sale or return contract be enforced. Moreover, plaintiff claims that Bass should be liable because he personally participated and authorized the deliberate destruction of the stabilizer equipment.

The defendants maintain that plaintiff's claim is one for breach of warranty, founded on the theory of redhibition and that the action is prescribed under the relevant prescription statutes. Regarding the tort claim, the defendants merely assert that plaintiff has failed to carry its burden of proof.

The first question for determination is whether plaintiff's claim relating to sale and return of the stabilizer equipment has prescribed under Louisiana law. Plaintiff contends that the action is based on a "sale or return" contract and is consequently governed by a ten-year prescriptive period, L.S.A.–C.C. Art. 3544. The defendants, however, maintain that the action is one in redhibition, which is prescribed either one year after the date of sale, L.S.A.–C.C. Art. 2534, or one year after discovery of the defect, L.S.A.–C.C. Art. 2546.

■ The facts of the instant transaction plainly do not evidence a "sale or return" contract. Under a sale or return contract, "the goods are sold and delivered to the buyer, with a right on his part to return at his option all or part of the goods within a reasonable time (or within a time specified by the contract) and to be liable only for the balance he keeps." *Reddy v. Meyers*, 111 So.2d 900, 902 (La.App. 1st Cir. 1959). The essence of the sale or return contract is the agreement that, upon delivery of the goods, the buyer has the option to either pay the purchase price or return the items. This transaction is a sale on a condition subsequent. 77 C.J.S. *Sales* § 213, at 979–80. However, in the present case, the plaintiff buyer did not have the option to purchase or return the stabilizer equipment. Rather the uncontroverted evidence establishes that the plaintiff buyer was required under the contract to pay the full purchase price of the equipment before taking delivery. Since payment of the pur-

chase price was a "condition precedent to the passing of the property, the contract is not one of sale or return." 77 C.J.S. *Sales* § 213, at 980.

Though there is no Louisiana case law directly on point, the cases cited by the plaintiff as recognizing the sale or return contract all involve a situation where the goods were delivered to the buyer without any prior payment of purchase price and it was only after receipt of the goods that the buyer became liable for paying the price or returning the goods. See *William Frantz & Co. v. Fink*, 125 La. 1013, 52 So. 131 (1910); *Reddy v. Meyers*, 111 So.2d 900 (La.App. 1st Cir. 1959). Where the buyer pays the purchase price and then receives the goods, this constitutes an outright sale. See L.S.A.–C.C. Art. 2439.

■ Since the facts in this case clearly demonstrate an outright sale, plaintiff's claim can be regarded only as one for a recission of the sale and restitution of purchase price. Such an action is founded in redhibition, L.S.A.–C.C. Art. 2520, and is subject to a one-year prescriptive period. L.S.A.–C.C. Arts. 2534, 2546. Basco as the manufacturer of the stabilizer equipment is presumed to know the defects in the products it manufactures. An action for redhibition against Basco must be filed within a year after plaintiff's discovery of the defect. L.S.A.–C.C. Art. 2546, *Rey v. Cuccia*, 298 So.2d 840 (La.1974); *Harris v. Bardwell*, 373 So.2d 777 (La.App.2d Cir. 1979). In the instant case, the stabilizer equipment failed almost immediately after being installed on or about October 11, 1975. The plaintiff was fully aware of this situation and on or about November 11, 1975 had complained to the defendants about the stabilizer malfunctioning. This suit was not filed until January 23, 1978, more than two years after discovery of the redhibitory defect. Therefore, the claim for recission of sale and restitution of purchase price is prescribed.

■ The remaining issue is the defendants' tort liability for the damage to the stabilizer equipment after its return to Houma. The plaintiff buyer is the owner

of the defective stabilizer equipment and as the owner has a cause of action for any unauthorized damage to, or destruction of, its property. L.S.A.–C.C. Art. 2315.

Based on the evidence in the record and the testimony before the court, I find that the defendant Sam L. Bass, Jr., deliberately and unlawfully instructed the Basco employees to damage and disfigure the plaintiff's property, and that the defendant Bass also participated in this demolition. I further find that 40% of the plaintiff's property was damaged as a result of Bass' tortious conduct.

It is a settled principle of Louisiana jurisprudence that a corporate officer who breaches a legal obligation owed to a third party is personally liable for the resulting injury to the third party. *Adams v. Fidelity and Casualty Co. of New York*, 107 So.2d 496 (La.App. 4th Cir. 1958). See also *Strickland v. Transamerica Ins. Co.*, 481 F.2d 138 (5th Cir. 1973). It is also settled law that an employer is liable for the torts of his employees committed in the course and scope of their employment. L.S.A.–C.C. Art. 2320; *Benoit v. Hunt Tool Co.*, 219 La. 380, 53 So.2d 137 (1951).

Defendant Bass had a legal obligation to refrain from injuring the plaintiff's property. Bass violated this legal duty and is, therefore, personally liable to the plaintiff for the resulting damages. Furthermore, defendant Basco is also liable for the injury to plaintiff's property because Bass' tortious conduct was committed in the course and scope of his employment as president of Basco.

Wherefore, I find the defendants Sam L. Bass, Jr., and Basco Industries, Inc., jointly and severally liable to the plaintiff, National Iranian Gas Company, for damages in the amount of sixty-six thousand dollars ($66,-000.00).