393 So.2d 1267 (1981)
Ashton P. GIRON
v.
The HOUSING AUTHORITY OF the CITY OF OPELOUSAS.
No. 80-C-1681.
Supreme Court of Louisiana.
January 26, 1981.
*1269 Gerald H. Schiff, Sandoz, Sandoz & Schiff, Opelousas, for plaintiff-applicant.
Felix A. DeJean, III, Opelousas, for defendant-respondent.
DENNIS, Justice.
The principal issue in this case is whether a plaintiff who sues for specific enforcement of a contract by injunction thereby irrevocably elects his remedy and is prohibited from later amending his petition to sue for damages for breach of contract. The trial court permitted the plaintiff to amend his petition to pray for damages instead of an injunction and awarded him damages after a trial on the merits. The court of appeal reversed, holding that the plaintiff's election of the injunctive remedy precluded him from changing his action to a suit for damages. We reverse and reinstate the trial court's judgment. Article 1151 of the Code of Civil Procedure permits the amendment of a petition after the filing of answer within the discretion of the trial judge. In fashioning this simple rule, the legislature sought to avoid any rule dependent upon the nebulous and impractical concept of "altering the substance of the demand." The trial court did not abuse its discretion by permitting the amendment in the present case because the moving party had not been guilty of bad faith and was not acting for the purpose of delay, the opposing party was not unduly prejudiced, and the trial of the issues was not unduly delayed.
The plaintiff, a fifty-seven year old man, had worked for the Housing Authority for approximately seventeen years at the time of the trial. He began work as a maintenance employee and received several promotions through the years before eventually becoming maintenance superintendent. In May of 1976, the five member board of commissioners of the Housing Authority appointed Giron executive director and executed an employment contract securing his services for a term of five years. At a special meeting held on March 21, 1977, however, the board relieved plaintiff of his duties as executive director, hired a third party to succeed the plaintiff, and relegated Giron to his former position as maintenance superintendent. On March 23, the plaintiff filed suit seeking a permanent injunction to restrain the board from removing him as director without just cause. He was granted both a temporary restraining order and a preliminary injunction against the board. On June 30, 1977, the plaintiff with leave of court amended his suit against the Housing Authority to substitute a plea for monetary damages in place of his earlier prayer for injunctive relief, deeming it best to return to his former position as maintenance superintendent as the board had directed.
After a trial on the merits, the trial court upheld the validity of the plaintiff's employment contract and found that the defendant had breached it without legal justification. Further, the court concluded that the plaintiff's initial request for specific performance did not estop him from converting his suit to an action for damages; and that plaintiff's actions in amending his petition and vacating his executive position did not constitute an abandonment of his cause of action based on defendant's breach of contract. The trial court calculated his damages as the difference between his salary as maintenance superintendent and as executive director.
The court of appeal affirmed the trial court ruling that the employment contract was valid. However, the court accepted the defendant's argument that the plaintiff, by seeking and obtaining injunctive relief, had destroyed any cause of action he may have had for damages.
*1270 We are called upon to decide whether the plaintiff irrevocably elected his remedy by first suing for an injunction specifically enforcing his employment contract; whether the preliminary injunction "cured" the defendant's default; and whether the plaintiff defaulted upon his obligation to perform by vacating his executive position. The defendant has abandoned its argument that the employment contract itself is invalid or that it dismissed the plaintiff for just cause.

1.
There is no prohibition against a plaintiff amending his petition with leave of court to alter the substance of his demand after filing of answer. Article 1151 authorizes such an amendment within the sound discretion of the trial court, evidencing a legislative aim to abolish the former rule which provided that the plaintiff's amendment may not "alter the substance of his demand, by making it different from the one originally brought." See, Code of Practice 1870, art. 419; La.Code Civ.P. art. 1151, Official Revision Comments.
Even prior to the adoption of the Code of Civil Procedure, our courts showed increasing liberality in permitting amendments to uphold substantive rights. See, Breaux v. Laird, 230 La. 221, 88 So.2d 33 (1956); Douglas v. Haro, 214 La. 1099, 39 So.2d 744 (1949). Now under our more modern procedural scheme, the legislature has expressly directed that the procedural rules are to be construed liberally with due regard for the fact that these rules are not an end in themselves, but rather implement the substantive law. La.Code Civ.P. art. 5051. That liberality is particularly appropriate in the amendment process according to leading Louisiana scholars and jurists. See, McMahon, Summary of Procedural Changes in Chapter 1, 3 L.S.A.: Code of Civil Procedure 2, 3 (1960); McMahon, The Louisiana Code of Civil Procedure, 21 La.L.Rev. 1, 29 (1960); Tate, Amendment of Pleadings in Louisiana, 43 Tul.L.Rev. 211, 217 (1969); Tucker, Proposal for Retention of the Louisiana System of Fact Pleading: Expose des Motifs, 13 La.L.Rev. 395, 425, 435 (1969).
Liberal allowance of amendments is also in accord with the treatment given Rule 15(a) of the Federal Rules of Civil Procedure from which article 1151 of the Louisiana Code of Civil Procedure is in part derived. See, Foman v. Davis, 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962); 3 Moore's Federal Practice § 15.08(2). That an amendment involves a departure from the facts previously alleged or a change in the theory of recovery or the relief requested is no bar to its allowance, since consistency in pleading is not required. 3 Moore's Federal Practice § 15.08(2). Recognizing that the entire spirit of the rules is to the effect that controversies shall be decided on the merits, the federal courts have not been hesitant to allow amendments for the purpose of presenting the real issues of the case, where the moving party has not been guilty of bad faith and is not acting for the purpose of delay, the opposing party will not be unduly prejudiced, and the trial of the issues will not be unduly delayed. Foman v. Davis, supra, 371 U.S. at 182, 83 S.Ct. at 230, 9 L.Ed.2d at 226; 3 Moore's Federal Practice, § 15.08(2).
Furthermore, there is no requirement that a plaintiff choose irrevocably between the remedies of specific performance and damages when he files suit based on a contract. See, La.C.C. arts. 1926-27; Manning v. Cohen, 124 La. 869, 50 So. 778 (1909); Bonfield v. Tichenor, 189 So. 635 (La.App. Orl. Cir. 1939). In fact, except for a prohibition against cumulation of petitory and possessory actions, the Code of Civil Procedure expressly provides that a petition may set forth two or more causes of action in the alternative, even though the legal or factual bases thereof may be inconsistent or mutually exclusive. La.Code Civ.P. art. 892.[1] If a plaintiff may assert inconsistent causes of action based on differing legal or factual bases by pleading them alternatively, he certainly may substitute with leave of *1271 court, a demand for damages for breach of contract in place of his initial demand for specific enforcement. Although a demand for damages is in one sense inconsistent with one for specific performance, it actually is based upon the same cause of action, having identical legal and factual bases; a substitution of demands based on the same cause of action presents less problems for a defendant than cumulation of causes of action based on inconsistent or mutually exclusive legal or factual bases.
Accordingly, the common law election of remedies doctrine is inconsistent with the modern procedural concepts embodied in our present code of civil procedure, although it may have had some validity under our former procedural scheme requiring technical consistency and assertion of a theory of the case. McMahon, The Work of the Louisiana Supreme Court for the 1950-1951 Term, Civil Procedure, 12 La.L.Rev. 184, 198-99 (1952). Similar conclusions have been reached by federal jurists and scholars regarding Rule 8(e) of the Federal Rules of Civil Procedure from which Louisiana Code of Civil Procedure article 892 was patterned. For example, the Court of Appeals in Bernstein v. United States, 256 F.2d 697, 706 (10th Cir. 1958), held "that there is no room for its application under applicable rules of procedure, according to which every pleading is a simple, concise statement of the operative facts on which relief can be granted or any substainable legal theory `regardless of consistency, and whether based on legal or on ethical grounds or on both.'" Leading commentators on the federal rules have also stated that present practice under Rule 8(e)(2) permits a party to seek inconsistent remedies in his claim for relief without being required to elect between them at the pleading stage of the litigation. C. Wright and A. Miller, Federal Practice and Procedure: Civil § 1283, p. 375 (1969 and Supp. 1979); 2A Moore's Federal Practice § 8.32 (Supp. 1980).
Furthermore, even if the doctrine were available in Louisiana, it would not prevent the plaintiff in the present case from amending his petition with leave of court to alter his demand to pray for damages. The doctrine of election of remedies is regarded as being an application of the law of estoppel, upon the theory that a party cannot in the assertion of his right occupy inconsistent positions in relation to the facts which form the basis of his respective remedies. However, when a certain state of facts under the law entitles a party to alternative remedies, both founded upon the identical state of facts, these remedies are not considered inconsistent remedies. In such a case the invocation of the one remedy is not an election which will bar the other, unless the suit upon the remedy first invoked shall reach the stage of final adjudication or unless by the invocation of the remedy first sought to be enforced the plaintiff shall have gained an advantage thereby or caused detriment or change of situation to the other. Abdallah v. Abdallah, 359 F.2d 170 (3d Cir. 1966). Applying these precepts to the present case, we conclude that plaintiff made no election of a remedy which barred his invocation of the remedy finally sought. The alternative remedies were founded on the identical state of facts, the suit for specific performance did not reach the stage of final adjudication, and the plaintiff gained no advantage and caused no detriment or change of situation to the defendant by converting his demand to a prayer for damages.[2]
*1272 Reviewing the record, we conclude that the plaintiff made no irrevocable election of remedies and that the trial judge did not abuse his discretion by permitting plaintiff's amendment. We find no legal bar to plaintiff's amendment. Neither, under the facts in this case, did the trial judge err in finding that the defendant was not unduly prejudiced by the amendment and that the amendment was not made in bad faith or for dilatory purposes.

2.
The plaintiff's decision to voluntarily vacate the executive position and sue for damages did not constitute a default of his contractual obligation. The defendant remained adverse to his continuation as executive director. The preliminary injunction maintained him in office provisionally only and was not intended by the parties or the trial court as a resolution of the merits of his controverted removal from office. For the same reason, the preliminary injunction was not res judicata as to the questions of whether defendant breached the employment contract and damaged the plaintiff.
The plaintiff upon showing that his employment contract was breached by the defendant's wrongful removal of him from office was entitled either to damages or specific enforcement of the contract or to a dissolution of the contract, and in all these cases damages may be given where they have accrued. La.Civ. Code art. 1926. Because the action asserted in plaintiff's amended petition arose out of the conduct, transaction or occurrence set forth or attempted to be set forth in his original pleading, the amendment related back to the date of filing the original pleading. La.Code Civ.P. art 1153. Accordingly, plaintiff's demand was precisely what it would have been had he originally prayed for damages for breach of contract instead of specific performance. See, Reeves v. Globe Indemnity Co. of New York, 185 La. 42, 168 So. 488 (1936); Tate, Amendment of Pleadings in Louisiana, 43 Tul.L.Rev. 211, 231 (1969).
The preliminary injunction was not a final judgment having the force of res judicata as to whether the employment contract was breached by the defendant. Generally, a preliminary injunction is only an interlocutory judgment because it does not determine the merits and is issued to prevent irreparable injury during the pendency of an action by maintaining the status quo until the rights of the parties are ultimately determined. La.Code Civ.P. arts. 1841, 3601; Southwest Sales and Mfg. Co., Inc. v. Delta Express, Inc., 342 So.2d 281, 384 (La. App.3d Cir. 1977); Whalen v. Brinkmann, 258 So.2d 145 (La.App. 1st Cir. 1972). We have held, however, that if the parties submit the entire case to the trial judge who then passes on the merits of the case and effectively disposes of all issues presented, the judgment denying the preliminary injunction is a final judgment that, after delays, has preclusive force. State ex rel. Guste v. City of New Orleans, 363 So.2d 678 (La.1978); see, Southwest Sales, supra, 342 So.2d 281 (La.App.3d Cir. 1977).
Our review of the record in this case reveals that the hearing on the request for a preliminary injunction was not intended to, and did not in fact, determine the merits of plaintiff's action. The trial judge sustained plaintiff's attorney's objection to any testimony regarding whether the Housing Authority had just cause to terminate the plaintiff, stating that this matter would be proper in a trial on the merits, but not as to whether a preliminary injunction should issue. At the conclusion of the hearing the judge ruled that the plaintiff had made a prima facie showing of entitlement to a preliminary injunction and ordered the defendant not to impair plaintiff's contractural rights until a hearing on whether just cause existed for plaintiff's termination. The judge expressly stated that he was not prepared to pass on the merits at that time. The judgment granting the preliminary injunction *1273 was, therefore, an interlocutory judgment and never acquired the authority of the thing adjudged. Therefore, the trial court properly rejected defendant's res judicata argument.
Neither do we believe that the court's issuance of a preliminary injunction operated to deprive the plaintiff of his hearing on the merits and monetary relief under any alternate theory the defendant has presented. The preliminary injunction did not grant the plaintiff all the relief he requested before amendment, and thus, the subsequent monetary award does not cause a double recovery. The injunction sustained the plaintiff in his position only temporarily. He had no assurance the court would not find just cause for his termination or that permanent injunctive relief was inappropriate. The defendant did not acquiesce in this matter though it did not appeal the granting of the preliminary injunction. Rather, both parties looked toward trial on the merits and have sharply contested this matter at each successive stage of the litigation. The defendant continued to question even the validity of the employment contract before the court of appeal.
The defendant has not contested the quantum of damages awarded by the trial court, only whether plaintiff is entitled to recover any damages at all.
For the reasons stated above, the court of appeal judgment is reversed and the trial court judgment is reinstated.
REVERSED AND RENDERED.
MARCUS, J., dissents.
WATSON, J., dissents and assigns reasons.
WATSON, Justice, dissenting.
The plaintiff acquiesced in his demotion from executive director to his former position as maintenance superintendent after having been granted both a temporary restraining order and a preliminary injunction. Therefore, he has no complaint and no cause of action to claim damages as a result.
I respectfully dissent.
NOTES
[1] Of course, by signing the petition, an attorney represents that to the best of his knowledge there exist good grounds to support his allegations. La.Code Civ.P. art. 863.
[2] The cases relied upon by the court of appeal are inapposite. In both Borie v. Smither, 8 So.2d 148 (La.App. Orl. Cir. 1942), and Garrett v. Girardian Ins. Co., 155 So.2d 284 (La.App.2d Cir. 1963), the court estopped the defendant insurance company from maintaining at trial that it had terminated its former agent under a particular contractual clause that effected a forfeiture of renewal premiums otherwise accruing to the agent when the company earlier had manifested that another clause was relied upon. The court allowed recovery by applying the election of remedies doctrine to force the defendant to adhere to its earlier choice of substantive contractual rights. In Radiophone Service, Inc. v. Crowson Well Service, Inc., 309 So.2d 393 (La.App.2d Cir. 1975), the plaintiff sued for past due rent and rescission of the lease as of a certain date as allowed under the contract. In a second suit, the plaintiff sought rent in part for months after the rescission date earlier requested. Since both suits were consolidated for trial and the trial court granted the relief originally requested, the plaintiff was properly denied a double recovery.