618 So.2d 1037 (1993)
PREMIER BANK, NATIONAL ASSOCIATION
v.
Leonard A. ROBINSON and Peggy Hairston Robinson.
No. 92 CA 0357.
Court of Appeal of Louisiana, First Circuit.
April 23, 1993.
Stacy Grove Butler, Baton Rouge, for plaintiff-appellee Premier Bank, Nat. Ass'n.
Johnnie A. Jones, Sr., Baton Rouge, for defendant-appellant Leonard A. Robinson, Peggy H. Robinson.
Before EDWARDS, SHORTESS and WHIPPLE, JJ.
*1038 SHORTESS, Judge.
This appeal arises out of a suit on a promissory note brought by Premier Bank, National Association (plaintiff), against Leonard A. Robinson and Peggy Hairston Robinson (defendants). From an adverse judgment, defendants appeal.

FACTS
On December 20, 1984, defendants borrowed $40,000.00 from plaintiff and executed a promissory note for said amount, payable to plaintiff in 60 consecutive monthly installments of $225.00 each, plus interest, beginning on January 25, 1985, and continuing thereafter, with the remaining balance being due in full on December 25, 1989 (the "hand note").[1] Defendants further executed a collateral pledge agreement dated December 19, 1984, wherein they pledged a collateral mortgage note in the amount of $40,000.00 to plaintiff, to secure any and all further indebtedness owed to plaintiff by defendants, whether then existing or arising in the future (the "collateral mortgage note"). Defendants subsequently defaulted on the hand note, and plaintiff filed suit on August 14, 1989, for the remaining principal balance of $28,757.58.
Defendants answered in proper person and reconvened for additional time to fulfill their obligation and, alternatively, for an extension of credit up to the amount of the collateral mortgage note, which would be applied to the hand note in order to bring the account current. The parties, however, were unable to formulate a mutually agreeable payout of the note, and plaintiff filed a motion for summary judgment on October 9, 1990. The trial court subsequently denied plaintiff's motion, and the matter was set for trial on October 31, 1991.
On August 22, 1991, defendants filed a motion and order to substitute new counsel of record. Thereafter, on October 15, 1991, defendants' new counsel filed a motion requesting that the case management schedule be upset and that a continuance of the trial be granted because he was recently substituted as counsel of record and had been unable to make adequate preparations for trial due to alleged health problems. Prior to the hearing on this motion, however, defendants filed a pleading on October 23, 1991, entitled "Plea and Notice of Extinction Of Defendants' Obligations by Plaintiff's Express Remission of the Litigated Debt." Defendants then filed an amended answer on October 24, 1991, claiming plaintiff had remitted the debt sued upon as evidenced by a computer-generated notice sent to defendants informing them the note had been paid and was enclosed.[2]
Plaintiff opposed defendants' motion for a continuance of trial and also filed a motion to strike defendants' plea of remission on the grounds that remission was an affirmative defense which had not been specifically pled in defendants' answer, nor had leave of court been granted allowing defendants to amend their answer.
A hearing on both parties' motions was held on October 25, 1991. The trial court denied defendants' motion for a continuance, and further denied defendants leave of court to amend their answer to plead the affirmative defense of remission, ordering that such defense be stricken from the record. Defendants then filed an amended and supplemental pretrial order that afternoon and again contended plaintiff had remitted the indebtedness forming the basis of the lawsuit.
At the October 31, 1991, trial, the court denied defendants leave of court to amend their pretrial order and allowed them to present evidence of remission of the debt as a proffer only. After a full hearing, the court rendered judgment in plaintiff's favor and against defendants for all amounts due under the note, plus interest, attorney fees, and all court costs. The court also ordered that the collateral mortgage dated *1039 December 19, 1984, be recognized, preserved, and maintained in favor of plaintiff.
On appeal, defendants contend the trial court erred in (1) refusing to grant defendants a continuance of trial; (2) denying defendants leave of court to amend their answer; (3) disallowing defendants motion to amend their pretrial order; and (4) allowing them to offer, by proffer only, evidence in support of their claim that the debt had been remitted by proffer.

CONTINUANCE OF TRIAL
Defendants contend the trial court "should have granted the nonprejudicial continuance suggested by defendants sixteen days before the trial date." Article 1601 of the Louisiana Code of Civil Procedure provides that "[a] continuance may be granted in any case if there is good ground therefor." (Emphasis ours.) Accordingly, under this article, a continuance rests within the sound discretion of the trial court. Sparacello v. Andrews, 501 So.2d 269 (La. App. 1st Cir.1986), writ denied, 502 So.2d 103 (La.1987). A trial court must look to the facts of each case when a motion to continue has been requested. Among the factors a trial court considers before granting a continuance are diligence, good faith, and reasonable grounds. Sparacello, 501 So.2d at 273.
The grounds set forth by defendants in their motion for continuance were (1) current counsel was then recently substituted as counsel of record; and (2) current counsel was unable to make adequate trial preparations due to health problems. The record, however, reveals defendants' current counsel was substituted and enrolled as counsel of record on August 22, 1991, some two months prior to the scheduled trial date and well after all relevant and material evidence which may have gone toward establishing or refuting defendants' obligation to plaintiff was known and available to all parties. Furthermore, while illness of counsel has been held to be a good reason for a continuance, here the unsupported allegations of defendants' counsel's illness or health problems did not automatically entitle them to a continuance. See Dillard v. Stamm, 400 So.2d 1112 (La. App. 1st Cir.1981).
The trial court has great discretion in granting or denying a motion for continuance, and its ruling will not be disturbed on appeal in the absence of a clear showing of an abuse of that discretion. Sauce v. Bussell, 298 So.2d 832 (La.1974); Sparacello, 501 So.2d at 274. Under the facts and circumstances of this case, the trial court did not abuse its discretion in failing to grant defendants' motion for continuance.

LEAVE OF COURT TO AMEND PLEADINGS
Defendants contend the trial court erred in denying them leave of court to amend and supplement their answer and pretrial order to plead the affirmative defense of remission of the debt. Specifically, defendants argue that the defense of remission became exigible only after the filing of their original answer and timely notice of this defense was given to plaintiff.
Louisiana Code of Civil Procedure article 1151 provides in pertinent part:
A defendant may amend his answer once without leave of court at any time within ten days after it has been served. Otherwise, the petition and answer may be amended only by leave of court or by written consent of the adverse party.
Louisiana Code of Civil Procedure article 1155 further provides:
The court, on motion of a party, upon reasonable notice and upon such terms as are just, may permit mover to file a supplemental petition or answer setting forth items of damage, causes of action or defenses which have become exigible since the date of filing the original petition or answer, and which are related to or connected with the causes of action or defenses asserted therein.
The decision as to whether to grant leave to amend or supplement a pleading is within the sound discretion of the trial court, and its ruling will not be disturbed on appeal except where an abuse of discretion has occurred and indicates a possibility of resulting injustice. See Jeffries v. Estate of Pruitt, 598 So.2d 379 (La.App. 1st Cir.), writ denied, 599 So.2d 306 (La.1992); First Guaranty Bank v. Pineywood Partnership, *1040 569 So.2d 209 (La.App. 1st Cir.1990). However, we take notice that the provisions of the Louisiana Code of Civil Procedure are not to be considered an end in themselves and should be construed liberally so as to implement the substantive law. La.C.C.P. 5051. Accordingly, amendment of pleadings should be liberally allowed, providing the movant is acting in good faith, the amendment is not sought as a delaying tactic, the opponent will not be unduly prejudiced, and trial of the issues will not be unduly delayed. Beard v. Circle K, Inc., 554 So.2d 825 (La.App. 1st Cir.1989).
Defendants' motions to amend and supplement their answer and pretrial order were filed shortly after new counsel of record had been enrolled on August 27, 1991. Counsel's review of the record obviously alerted him to the possible remission defense (plaintiff's letter was dated July 22, 1991). Under these facts and circumstances, and given the legislative directive regarding the liberal construction of procedural rules, we conclude that the trial court abused its discretion in denying defendants leave of court to amend and supplement their answer and pretrial order to assert the affirmative defense of remission. Accordingly, the trial court also erred in excluding the evidence of the alleged remission proffered at trial by defendants which may have prejudiced their case. We thus must conduct a de novo review of the record, consider the improperly excluded evidence, and render judgment on the merits. See Buckbee v. United Gas Pipe Line Co., 561 So.2d 76 (La.1990); Malbrough v. Wallace, 594 So.2d 428 (La.App. 1st Cir.1991), writ denied, 596 So.2d 196 (La.1992).

REMISSION OF DEBT
Louisiana Civil Code article 1888 provides:
A remission of debt by an obligee extinguishes the obligation. That remission may be express or tacit.
Defendants' proffer number one is a computer-generated notice sent to them from plaintiff's commercial loan department indicating the note was paid in full and was enclosed. It is this document, defendants argue, that constitutes the remission of the debt. However, a review of the testimony given by Ted W. Strickland, plaintiff's assistant vice-president, reveals that the notice was sent to defendants only after plaintiff took actions to offset the amount due under the note sued upon, against a deposit account believed to be that of defendants.[3] Strickland testified that when plaintiff offset the deposit account it notified defendants the loan was paid in full. Defendants, however, objected to the offset, explaining that the account used in the offset actually belonged to a deceased relative. Upon reviewing the facts involved, it was established that the funds used in the offset were not owned by defendants, and the offset was reversed. Accordingly, the temporary payoff of defendants' loan was also reversed.
While the remission of a debt cannot be revoked by a creditor, remission is never presumed unless it clearly appears that the creditor intended it. The burden of proving remission, express or tacit, rests with those claiming the benefit. Arledge v. Bell, 463 So.2d 856 (La.App. 2d Cir.1985). Defendants did not meet the burden of proving that the debt owed to plaintiff was remitted either expressly or tacitly. Rather, the payment of the debt through the offset, which was later reversed at defendants' request, was the only reason the notice of payment was sent to them.[4] For these reasons, the judgment of the trial court in favor of Premier Bank, National Association, is affirmed at defendants' costs.
AFFIRMED.
NOTES
[1] The promissory note executed by defendants was actually made payable to Louisiana National Bank of Baton Rouge which plaintiff is the successor to by merger.
[2] Although the notice stated the note was enclosed, the record reveals it was never sent to defendants.
[3] The record indicates that the deposit account was in the name of Ida J. Robinson, Leonard Robinson, and Peggy Robinson.
[4] The trial court also believed defendants did not meet their burden of proof stating "even if this Court were to consider Proffer's Number One and Number Two, being the testimony of Mr. Strickland, I do not find as a matter of fact or law that a remission occurred in this case."