840 So.2d 586 (2002)
Vera M. RAINEY
v.
ENTERGY GULF STATES, INC. and Mike Case.
No. 2001 CA 2414.
Court of Appeal of Louisiana, First Circuit.
November 8, 2002.
Rehearing Granted April 9, 2003.
*587 Leonard Cardenas, III, John T. Joubert, Henri M. Saunders, Baton Rouge, for Plaintiff/Appellee Vera M. Rainey.
John A. Braymer, Kenneth Carter, Joseph K. West, Charles L. Rice, Baton Rouge, for Defendants/Appellants Entergy Gulf States, Inc. Mike Case.
Before: KUHN, DOWNING and LANIER,[1] JJ.
LANIER, J.
This action is a suit for damages in tort. In January 1999, ABB C-E Services, Inc. (ABB) began a construction project for Entergy Gulf States, Inc. (Entergy) at its Willow Glen power plant. The work was performed pursuant to the General Operations Agreement for Contracted Services between Entergy and ABB. On February 15, 1999, Vera Rainey (Rainey), a journeyman boilermaker working for ABB at Willow Glen, fell down a stairway on the jobsite and was injured. Rainey filed this action against Entergy. After a trial, the case was taken under advisement. The trial court subsequently rendered judgment in favor of Rainey and against Entergy for $839,916.08. ABB, as intervenor, was awarded $53,641.52 for workers' compensation benefits paid to, and on behalf of, plaintiff. Entergy suspensively appealed and has asserted eight assignments of error.[2]

AMENDMENT OF ANSWER TO ASSERT AFFIRMATIVE DEFENSE OF STATUTORY EMPLOYER
Entergy asserts the trial court abused its discretion by not allowing it to amend[3] its answer to assert the "statutory employer" defense after the trial was continued without date.

Facts
Rainey's injury occurred on February 15, 1999. This action was filed on June 11, *588 1999. Entergy filed its answer on October 12, 1999. This answer did not assert the statutory employer defense.[4] A status conference was held on December 21, 1999, and the trial court fixed a discovery cut-off date of June 1, 2000, and a trial date of July 5, 2000.
Subsequently, the July 5, 2000 trial date was continued to August 31, 2000. On August 29, 2000, Entergy filed a motion for leave of court to file a supplemental and amending answer to allege the statutory employer defense. This motion was summarily denied.
On August 30, 2000, Rainey requested that the trial be continued without date because of an illness. The trial court granted this motion.
In a pleading dated September 6, 2000, Entergy again filed a motion for leave of court to file an amended answer to allege the statutory employer defense. In this motion, Entergy asserted "the trial was continued without date" and the "Plaintiff will have an opportunity to conduct the necessary discovery she feels necessary to oppose the affirmative defense advanced by Entergy in its amending pleading." On September 13, 2000, the trial court judge denied the motion with the following written reasons:
Reasons: This Court for reasons stated on the record denied defendant's Motion to Continue the August 31st trial date and denied defendant's Motion to Amend.
Subsequently, this Court granted plaintiffs Motion to Continue the 8/31 trial date due to the hospitalization of the plaintiff w/o objection from defense counsel. This Continuance did not open this case up for further pleadings nor discovery to be filed.
The trial of this case was re-scheduled and commenced on December 6, 2000.

Law Pertaining to Amendment of Answer
Louisiana Code of Civil Procedure article 1151 provides, in pertinent part, as follows:
A defendant may amend his answer once without leave of court at any time within ten days after it has been served. Otherwise, the petition and answer may be amended only by leave of court or by written consent of the adverse party.
Louisiana Code of Civil Procedure article 1153 provides as follows:
When the action or defense asserted in the amended petition or answer arises out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of filing the original pleading.
In Maddens Cable Service, Inc. v. Gator Wireline Services, Ltd., 509 So.2d 21, 23 (La.App. 1 Cir.1987), appears the following:
La. C.C.P. art. 5051 admonishes us that the articles of the Louisiana Code of Civil Procedure must "be construed liberally, and with due regard for the fact that rules of procedure implement the substantive law and are not an end in themselves." The official revision comment for Article 5051 states that it "expresses the procedural philosophy of this Code and serves as a constant reminder to the bench and bar that procedural rules are only a means to an end, and not an end in themselves." Lawsuits should be decided on their merits and should not turn on arbitrary or technical rules of procedure. (Emphasis added.) *589 Thus, the law and jurisprudence take a liberal approach toward allowing amended pleadings to promote the interests of justice. Reeder v. North, 97-0239, p. 15 (La.10/21/97), 701 So.2d 1291,1299.
As a general rule, a trial judge has much discretion in granting amendments to pleadings after an answer has been filed; thus, a trial judge's ruling on granting an amendment to the pleadings will not be disturbed on appeal unless an abuse of discretion has occurred that indicates a possibility of resulting injustice. Heritage Worldwide, Inc. v. Jimmy Swaggart Ministries, 95-0484, p. 4, (La.App. 1 Cir. 11/16/95), 665 So.2d 523, 527, writ denied, 96-0415 (La.3/29/96), 670 So.2d 1233. The Louisiana Supreme Court discussed the policy for allowing the amendment of pleadings in detail in Giron v. Housing Authority of City of Opelousas, 393 So.2d 1267, 1270 (La.1981), as follows:
There is no prohibition against a plaintiff amending his petition with leave of court to alter the substance of his demand after filing of answer. Article 1151 authorizes such an amendment within the sound discretion of the trial court, evidencing a legislative aim to abolish the former rule which provided that the plaintiffs amendment may not "alter the substance of his demand, by making it different from the one originally brought." See, Code of Practice 1870, art. 419; La.Code Civ.P. art. 1151, Official Revision Comments.

Even prior to the adoption of the Code of Civil Procedure, our courts showed increasing liberality in permitting amendments to uphold substantive rights. Now under our more modern procedural scheme, the legislature has expressly directed that the procedural rules are to be construed liberally with due regard for the fact that these rules are not an end in themselves, but rather implement the substantive law. La. Code Civ.P. art. 5051. That liberality is particularly appropriate in the amendment process according to leading Louisiana scholars and jurists. See, McMahon, Summary of Procedural Changes in Chapter 1, 3 L.S.A.: Code of Civil Procedure 2, 3 (1960); McMahon, The Louisiana Code of Civil Procedure, 21 La. L.Rev. 1, 29 (1960); Tate, Amendment of Pleadings in Louisiana, 43 Tul.L.Rev. 211, 217 (1969); Tucker, Proposal for Retention of the Louisiana System of Fact Pleading: Expose des Motifs, 13 La.L.Rev. 395, 425, 435 (1969).
Liberal allowance of amendments is also in accord with the treatment given Rule 15(a) of the Federal Rules of Civil Procedure from which article 1151 of the Louisiana Code of Civil Procedure is in part derived. That an amendment involves a departure from the facts previously alleged or a change in the theory of recovery or the relief requested is no bar to its allowance, since consistency in pleading is not required. 3 Moore's Federal Practice § 15.08(2). Recognizing that the entire spirit of the rules is to the effect that controversies shall be decided on the merits, the federal courts have not been hesitant to allow amendments for the purpose of presenting the real issues of the case, where the moving party has not been guilty of bad faith and is not acting for the purpose of delay, the opposing party will not be unduly prejudiced, and the trial of the issues will not be unduly delayed. (Emphasis added; some citations omitted.)
See also Premier Bank, National, Assn. v. Robinson, 618 So.2d 1037, 1039-1040, (La. App. 1 Cir.1993) and F. Maraist and H. Lemmon, supra, at pp. 157-158.
Pursuant to Giron and Robinson, amendments to pleadings should be allowed if (1) the movant is acting in good *590 faith; (2) the amendment is not being used as a delaying tactic; (3) the opponent will not be unduly prejudiced; and (4) the trial will not be unduly delayed.
Good faith in the context of the Giron and Robinson cases is a reasonable belief that the facts alleged in the proposed amendment are true. See Gathright v. Smith, 368 So.2d 679 (La.1978); Aranyosi v. Delchamps, Inc., 98-1325, pp. 7-8 (La.App. 1 Cir. 6/25/99), 739 So.2d 911, 916, writ denied, 99-2199 (La.11/5/99), 750 So.2d 187; Redmond v. McCool, 582 So.2d 262, 264 (La.App. 1 Cir.1991).
The evidentiary basis for Entergy's assertion of the statutory employee defense is a February 27, 1998 addendum to the Entergy-ABB contract that specifically states, in pertinent part, that "[t]he parties mutually agree that it is their intention to recognize Entergy Corporation ... as the statutory employer[s] of the Contractor's [ABB] employees, ... in accordance with Louisiana Revised Statute 23:1061 while Contractor's employees are providing Work hereunder." See Entergy Proffer No. 1 filed in the record. In this factual posture, pursuant to La. R.S. 23:1061A(3), as amended and re-enacted by Acts 1997, No. 315, effective June 17, 1997, "[w]hen the contract recognizes a statutory employer relationship, there shall be a rebuttable presumption of a statutory employer relationship between the principal and the contractor's employees, whether direct or statutory employees." (Emphasis added.) If Entergy is a statutory employer of Rainey, then Rainey does not have a tort cause of action against Entergy; her exclusive remedy against Entergy would be for workers' compensation benefits. La. R.S. 23:1032; H. Johnson, Workers' Compensation Law and Practice, 13 and 14 La. Civ. Law Treatise, § 121 et seq. and § 363 (3d ed.1994). Pursuant to La. R.S. 23:1061, the February 27, 1998 addendum to the Entergy-ABB contract created a rebuttable presumption that there was a statutory employer relationship between them. Pursuant to La. C.E. 304, rebuttable presumptions "may be controverted or overcome by appropriate evidence." Pursuant to La. C.E. art. 305, "[i]f the trier of fact finds the existence of the predicate fact [the Entergy-ABB contract addendum], and there is no evidence controverting the fact to be inferred [statutory employer relationship], the trier of fact is required to find the existence of the fact to be inferred [the statutory employer relationship]." (Emphasis added.) Thus, in the absence of contrary evidence, if the addendum is properly introduced into evidence, and Rainey produces no controverting evidence, Entergy will prevail with this defense. If Rainey has evidence to rebut the presumption, she should be allowed to present it. In either event, Entergy satisfies the good faith element of Giron and Robinson.
Rainey's injury occurred on February 15, 1999. This action was filed on June 11, 1999. This case was set for trial on August 31, 2000. On August 30, 2000, the trial was continued without date on motion of Rainey. Entergy's second motion to amend to assert the statutory employer defense was filed on September 6, 2000, apparently while the trial was still continued without date.[5] Therefore, elements (2), (3) and (4) of the Giron test have been satisfied. Pursuant to La. C.C.P. arts. 1151 and 5051, and Giron and Robinson, there were no valid reasons for the trial court to deny the amendment and the trial court abused its discretion by doing so. Even if the trial had been fixed for December 6, 2000 at the time the motion was *591 filed, there was a three-month (90 day) time period between the request for the amendment and the trial. Pursuant to the authority of Beard v. Circle K, Inc., 554 So.2d 825 (La.App. 1 Cir.1989), the trial court still would have abused his discretion.
A ruling on the merits of this case is contingent, in part, on a determination of whether or not Rainey was a statutory employee of Entergy. If, as matter of fact and law, Entergy was a statutory employer, it should prevail. If Entergy was not a statutory employer, Rainey should prevail. To rule otherwise would be to render a judgment contrary to the law and the facts. That would be an injustice. Because of the particular facts and circumstances of this case, its outcome should be determined on its merits and not by technical rules of procedure.
This assignment of error has merit.

DECREE
For the foregoing reasons, the judgment of the trial court in favor of Rainey is reversed, and this action is remanded to the trial court for further proceedings in accordance with law and the instructions contained herein. On remand, the trial court shall (1) allow Entergy a reasonable period of time to amend its answer and answers to discovery interrogatories; (2) allow Rainey a reasonable period of time to discover evidence pertaining to Entergy's statutory employer defense; (3) after discovery is completed, conduct a trial on the merits of the statutory employer issue only; and (4) render an appropriate judgment that decides the relevant issue or issues of the case.
Rainey is cast for the cost of this appeal.
REVERSED AND REMANDED WITH INSTRUCTIONS.
DOWNING, J., concurs and assigns reasons.
DOWNING, J., concurs and assigns reasons.
Despite the general rule that a trial judge has much discretion in granting amendments to pleadings, the jurisprudence appears to only give discretion when an amendment is granted, never when it is denied. The jurisprudence states that a trial judge should be able to control his docket, in his discretion. Then the appellate courts find abuse of discretion, second guess and micromanage the trial court's docket. Discretion should go both ways. A trial judge should be able to set deadlines and require the parties to stick to them without interference by the appellate court, except in extreme, rare circumstances.
However, this opinion is a correct, well-written summary of the current state of the law and, although I disagree with the jurisprudence, I am compelled to follow it.
NOTES
[1] The Honorable Walter I. Lanier, Jr., Judge (retired), First Circuit Court of Appeal, is serving as judge ad hoc by special appointment of the Louisiana Supreme Court.
[2] Because we find merit in the first assignment of error, the remaining seven are not listed or discussed.
[3] There is a distinction between supplemental and amended pleadings. An amended pleading pertains to matters that occurred before the petition was filed, whereas, a supplemental pleading pertains to matters that have occurred after the filing of the petition or answer. La. C.C.P. arts. 1151 and 1155; H. McMahon, Summary of Procedural Changes in Chapter 7, paragraph 4 in introduction to Chapter 7; Gaines v. Bruscato, 30,340, p. 8 (La.App. 2 Cir. 4/8/98), 712 So.2d 552, 557-558, writ denied, 98-1272 (La.6/26/98), 719 So.2d 1059; F. Maraist and H. Lemmon, Civil Procedure, La. Civ. Law Treatise, § 6.10, pp. 155-156 (1999).
[4] The statutory employer defense is an affirmative defense that must be alleged in an answer. La. C.C.P. art. 1005; Stockstill v. C.F. Industries, Inc., 94-2072, p. 6, (La.App. 1 Cir. 12/15/95), 665 So.2d 802, 810, writ denied, 96-0149, (La.3/15/96), 669 So.2d 428.
[5] The record on appeal is unclear about when and how the December 6, 2000 trial date was fixed. See Tranum v. Hebert, 581 So.2d 1023, 1026-1027 (La.App. 1 Cir.), writ denied, 584 So.2d 1169 (La.1991) for a discussion of what constitutes the record on appeal.