MICHAEL WILLIAMS, RODERICK VALENTINE, & GREGORY BRUMFIELD
v.
PLACID REFINING COMPANY, L.L.C., AND PLACID REFINING COMPANY.
No. 2006 CA 2152.
Court of Appeal of Louisiana, First Circuit.
September 14, 2007.
NaTASHIA CARTER BENOIT, WALTER C. DUMAS, Baton Rouge, Louisiana, Counsel for Plaintiffs/Appellants Michael Williams, Roderick, Valentine, and Gregory Brumfield.
DAVID J. CALOGERO, Lafayette, Louisiana, Counsel for Defendants/Appellees Placid Refining Company, L.L.C., and Placid Holding Company
Before: PARRO, KUHN, AND DOWNING, JJ.
KUHN, J.
This appeal arises from the dismissal of plaintiffs' tort suit pursuant to defendants' motion for summary judgment, which alleged defendants were plaintiffs' statutory employers pursuant to La.. R.S. 23:1061. We affirm.

I. PROCEDURAL AND FACTUAL HISTORY
On June 27, 2005, plaintiffs, Michael Williams, Roderick Valentine, and Gregory Brumfield, filed suit naming Placid Refining Company, L.L.C. and Placid Refining Company as defendants. In their petition, plaintiffs alleged that on or about June 28, 2004, while employed by Mac-Nett Industries, chemical fumes overcame them as they cleaned a naphtha storage tank located on the defendants' premises. Valentine and Brumfield alleged they were rendered unconscious from breathing the fumes. Williams asserted he was able to drag Valentine and Brumfield out of the tank. All plaintiffs alleged they suffered eye and respiratory tract irritations, headaches, and dizziness, and all sought medical treatment.
Plaintiffs' petition further claimed that their exposure to "toxic and hazardous substances, including but not limited to Hydrogen Sulfide, was caused by the fault and/or negligence and/or strict liability of the defendants." Plaintiffs alleged defendants were negligent by allowing a hazardous situation to exist in the tanks, failing to provide fresh air to plaintiffs while they cleaned the tanks, and failing to avoid or mitigate the release of toxic and hazardous substances. Plaintiffs asserted the exposure to the chemical fumes caused them to suffer physical pain, mental anguish, emotional distress, psychological damages, and loss of income.
Placid Refining Company, L.L.C., and Placid Holding Company filed an answer, generally denying the allegations of the petition and further stating, "Placid Refining Company is not a proper party as the name of that entity is Placid Holding Company. The proper entity to be sued in this matter is Placid Refining Company, LLC (`Placid')." Further answering the petition, defendants asserted:
22.
[A]t all times material hereto Placid is in the business of operating a petroleum refinery and as part of its business owns/operates storage tanks at its refinery in Port Allen, Louisiana. As an essential part of its business in operating a refinery Placid is required to periodically clean, refurbish, and maintain storage tanks which necessarily requires the removal of any residual products, vapors, and chemicals.
23.
At all times material hereto there was in full force and effect a contract between Placid Refining Company, LLC and Mac-Nett Industries, Inc. wherein Mac-Nett agreed to perform certain tank cleaning and maintenance work on behalf of Placid. Said work was necessary, essential, and an integral part of Placid's business in operating a petroleum refinery. Furthermore, the plaintiffs were working in furtherance of that contract between Placid and Mac-Nett at the time of the incident complained of
24.
That because Mac-Nett and its immediate employees, including the plaintiffs, were performing work that was necessary, essential, and an integral part of Placid's business in operating a petroleum refinery said plaintiffs are considered by law to be the statutory employees of Placid and thus barred from proceeding against Placid in tort as provided by R.S. 23:1032.
Based on these allegations, defendants prayed for judgment in their favor, dismissing plaintiffs' suit with prejudice.
On February 1, 2006, defendants filed a motion for summary judgment, seeking the dismissal of plaintiffs' suit on the grounds that defendants had tort immunity as the statutory employer of plaintiffs. The trial court initially ordered plaintiffs to show cause on March 27, 2006, why a judgment should not be rendered in favor of defendants. On that date, counsel for neither side appeared, and the trial court passed the matter without setting a new hearing date. Upon defendants' motion to refix the hearing, the trial court signed an April 19, 2006 order setting a June 12, 2006 hearing date. On June 5, 2006, plaintiffs filed a memorandum in opposition to the motion for summary judgment, wherein plaintiffs alleged that defendants' conduct was intentional, as set forth below:[1]
Defendants ... failed to provide fresh air to plaintiffs while cleaning toxic chemicals out of tank number 4. Additionally, respirators were not provided to plaintiffs. Plaintiffs were told they did not need respirators.
...
Plaintiffs argue that the failure to provide sufficient fresh air and respirators reach the level of intentional tort. A reasonable man could have anticipated that plaintiffs' injuries would result from the failure to provide sufficient fresh air and respirators....
On June 8, 2006, plaintiffs filed a motion for leave of court to file a supplemental and amending petition. The proposed supplemental and amending petition deleted the allegations set forth in the original petition that were based on negligence and strict liability and substituted allegations that plaintiffs' exposure to the chemicals and other toxic and hazardous substances were caused by the intentional act of defendants. On that same date, plaintiffs also filed a motion for continuance of defendants' motion for summary judgment "for the reason that plaintiffs have filed a request for leave of court to file a First Supplemental and Amending Petition and requested a hearing date on same."
On June 12, 2006, the trial court first addressed plaintiffs' motions and denied both of them because they had been filed only four days prior to the scheduled hearing date for defendants' pending motion. Next, the trial court considered the defendants' motion and in granting the motion, the trial court reasoned in pertinent part as follows:
Although the plaintiffs argue that an intentional tort was committed, the defendants argue that [the plaintiffs have] never raised the allegations in their pleadings. The defendants argue that ... the allegations in the memo in opposition to the motion for summary judgment is (sic) insufficient to defeat the motion. The plaintiffs have no evidence, depositions, affidavits or otherwise to support their claim that the alleged injury was substantially certain to result.
...
The plaintiffs are barred from bringing this action under the terms of the workers' compensation act.
The trial court signed a written judgment in favor of Placid Refining Company, L.L.C., and Placid Holding Company and against plaintiffs, completely dismissing plaintiffs' petition for damages with prejudice. Plaintiffs have appealed, asserting: 1) the trial court abused its discretion in denying plaintiffs' motion for leave of court to file a supplemental and amending petition and in denying plaintiffs' motion for continuance; and 2) the trial court erred when "it granted the Motion for Summary Judgment filed by defendant-appellee, Placid Refining Company."[2]

II. ANALYSIS

A. Denial of Plaintiffs' Motions

1. Motion for Leave of Court to File an Amending and Supplemental Petition
Louisiana Code of Civil Procedure article 1151 provides, in part:
A plaintiff may amend his petition without leave of court at any time before the answer thereto is served.... Otherwise, the petition ... may be amended only by leave of court or by written consent of the adverse party.
Generally, the trial court's ruling granting or denying a motion for leave of court to amend a petition should not be disturbed on appeal unless there has been an abuse of the trial court's broad discretion and a possibility of resulting injustice. Carter v. Safeco Ins. Co., 435 So.2d 1076, 1081 (La. App. 1st Cir. 1983); see Jeffries v. Estate of Pruitt, 598 So.2d 379, 386 (La.App. 1st Cir.), writs denied, 599 So.2d 306 and 605 So.2d 1124 (La. 1992). Louisiana Code of Civil Procedure article 5051 admonishes, however, that the articles of the Louisiana Code of Civil Procedure "are to be construed liberally, and with due regard for the fact that rules of procedure implement the substantive law and are not an end in themselves." That liberality is appropriate to the amendment process where: 1) the moving party is acting in good faith; 2) the amendment is not being used as a delaying tactic; 3) the opponent will not be unduly prejudiced; and 4) the trial will not be unduly delayed. See Rainey v. Entergy Gulf States, Inc., 01-2414 (La. App. 1st Cir. 11/8/02), 840 So.2d 586 (wherein this court found that the trial court abused its discretion in not allowing the defendant to amend its answer to assert an affirmative defense before conducting a December 6, 2000 trial, where defendant's motion to amend had been "filed on September 6, 2000, apparently while the trial was still continued without date."[3])
In the present case, plaintiffs' trial memorandum supporting the request to amend their petition stated that defendants had refused to consent to the amendment. Thus, the decision regarding whether to grant such leave rested within the sound discretion of the trial court.
Plaintiffs filed their motion to amend four days before the June 12, 2006 hearing date that had been set for defendants' motion for summary judgment. Rule 9.8(b) of the Louisiana Rules for District Courts addresses the applicable time between the filing and hearing of exceptions and motions, providing:
No hearing on an exception or motion will be scheduled until at least 15 days after filing. A party seeking to have an exception or motion heard less than 15 days after filing must show good cause and must state in the exception or motion the reasons why an expedited hearing is necessary.
Plaintiffs' motions failed to explain why they had not acted earlier to assert their claim regarding defendants' alleged intentional acts. Although defendants raised their statutory employer defense in their August 24, 2005 answer, plaintiffs did not seek to amend until four days before the June 12, 2006 hearing date. They did not allege the discovery of new facts or witnesses that might have justified the untimely filing of the motions. Further, they failed to establish good cause for an expedited hearing on these motions. Based on Rule 9.8(b) and the applicable filing dates in the instant case, plaintiffs would not have been entitled to a hearing on their motions until after the scheduled hearing date for defendants' motion for summary judgment. In this instance, we find no abuse of discretion in the trial court's decision not to allow the amendment. The trial court apparently concluded that plaintiffs asserted the proposed amendment as a delay tactic and found no legitimate basis for delaying the hearing on defendants' motion for summary judgment.

2. Motion for Continuance
Although plaintiffs urge no peremptory grounds for a continuance, they assert on appeal that the trial court's denial of the motion for continuance deprived them of their day in court and the right to properly present their cause of action and/or defeat the motion for summary judgment. Absent peremptory grounds, a continuance rests within the sound discretion of the trial court. St. Tammany Parish Hosp. v. Burris, 00-2639, p. 4 (La. App. 1st Cir. 12/28/01), 804 So.2d 960, 963; see La. C.C.P. art. 1601. Since plaintiffs' motion for a continuance rested solely on the basis that plaintiffs had requested leave of court to amend their petition, we find no abuse of discretion in the trial court's denial of the request for a continuance. We believe Placid Refining Company, L.L.C.'s interest in having this litigation judicially resolved within a reasonable time and the trial court's interest in controlling the docket far outweigh any possibilities of prejudice which may have resulted from a denial of the continuance. We do not believe these facts present an extreme situation that justifies interference by this court with the trial court's decision to deny the continuance. See Willey v. Roberts, 95-1037, p. 4 (La. App. 1st Cir. 12/15/95), 664 So.2d 1371, 1374-75, writ denied, 96-0164 (La. 3/15/96), 669 So.2d 422.
Moreover, although the trial court denied plaintiffs' motions, the record demonstrates that in disposing of defendants' motion for summary judgment, the trial court considered plaintiffs' claims regarding defendants' intentional conduct but found these claims were unsupported. Plaintiffs have not demonstrated that they would have been able to obtain support for their claims had the continuance been granted. Thus, plaintiffs have not demonstrated any injustice or prejudice resulting from the trial court's refusal to grant their motions.

B. Summary Judgment Law
An appellate court reviews a trial court's decision to grant a motion for summary judgment de novo, using the same criteria that govern the trial court's consideration of whether summary judgment is appropriate. Smith v. Our Lady of the Lake Hosp., Inc., 93-2512 (La. 7/5/94), 639 So.2d 730, 750. A motion for summary judgment is a procedural device used to avoid a full-scale trial when there is no genuine issue of material fact. Jarrell v. Carter, 632 So.2d 321, 323 (La. App. 1st Cir. 1993), writ denied, 94-0700 (La. 4/29/94), 637 So.2d 467. The summary judgment procedure is favored and is designed to secure the just, speedy, and inexpensive determination of every action. La. C.C.P. art. 966(A)(2); Rambo v. Walker, 96-2538 (La. App. 1st Cir. 11/7/97), 704 So.2d 30, 32. The motion should be granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits, show that there is no genuine issue as to material fact and that mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(B).

C. Statutory Employer Doctrine and Intentional Act Exception
Louisiana Revised Statute 23:1061(A) provides, in pertinent part:
A. (1) Subject to the provisions of Paragraphs (2) and (3) of this Subsection, when any "principal" as defined in R.S. 23:1032(A)(2), undertakes to execute any work, which is a part of his trade, business, or occupation and contracts with any person, in this Section referred to as the "contractor", for the execution by or under the contractor of the whole or any part of the work undertaken by the principal, the principal, as a statutory employer, shall be granted the exclusive remedy protections of R.S. 23:1032 and shall be liable to pay to any employee employed in the execution of the work or to his dependent, any compensation under this Chapter which he would have been liable to pay if the employee had been immediately employed by him.... For purposes of this Section, work shall be considered part of the principal's trade, business, or occupation if it is an integral part of or essential to the ability of the principal to generate that individual principal's goods, products, or services.
(2) A statutory employer relationship shall exist whenever the services or work provided by the immediate employer is contemplated by or included in a contract between the principal and any person or entity other than the employee's immediate employer.
(3) Except in those instances covered by Paragraph (2) of this Subsection, a statutory employer relationship shall not exist between the principal and the contractor's employees, whether they are direct employees or statutory employees, unless there is a written contract between the principal and a contractor which is the employee's immediate employer or his statutory employer, which recognizes the principal as a statutory employer. When the contract recognizes a statutory employer relationship, there shall be a rebuttable presumption of a statutory employer relationship between the principal and the contractor's employees, whether direct or statutory employees. This presumption may be overcome only by showing that the work is not an integral part of or essential to the ability of the principal to generate that individual principal's goods, products, or services. [Emphasis added.]
Louisiana Revised Statute 23:1032(A)(2) provides, in pertinent part, "[T]he word `principal' shall be defined as any person who undertakes to execute any work which is a part of his trade, business, or occupation in which he was engaged at the time of the injury, or which he had contracted to perform and contracts with any person for the execution thereof."
In the instant case, the record establishes that Placid Refining Company, L.L.C. and Mac-Nett Industries, Inc. operated under a master contract, dated April 7, 2003,[4] which states in pertinent part:
Placid [identified earlier in the contract as Placid Refining Company LLC] (as principal employer) and Contractor (as direct employer) mutually agree that Contractor's employees, in performance of this Master Contract, will be engaged in the trade, business or occupation of Placid; that it is their intention to recognize Placid as the statutory employer of Contractor's employees while Contractor's employees are providing work and/or services to Placid under this Master Contract; and that Placid will have available to it protection against suits by Contractor's employees under Louisiana Compensation Law, La. R.S. 23:1021, et seq. (Emphasis in original).
Therefore, pursuant to La. R.S. 23: 1061(A)(3), Placid Refining Company, L.L.C. was entitled to a rebuttable presumption that it was plaintiffs' statutory employer. Additionally, defendants supported their motion for summary judgment with an affidavit from Mr. Gary Fuller, Vice President and Refinery General Manager of Placid Refining Company, L.L.C. In this affidavit, Mr. Fuller acknowledged, "[Plaintiffs] were allegedly overcome by toxic and hazardous fumes while, in the employment of Mac-Nett Industries, Inc., they were cleaning Naptha Storage Tank No. 4 at Placid Refining Company, LLC." His affidavit further stated in pertinent part:
4. Naptha is a colorless liquid hydrocarbon produced in the fractional distillation of petroleum. Naptha is produced in the ordinary course of operation of Placid Refining Company, L.L.C. and it is necessary to the refining operation that Naptha be stored prior to sale. Without cleaning of the Naptha storage tanks, Placid Refining Company, L.L.C. would cease to function properly.
5. Cleaning of Naptha storage tanks is part of the routine, customary and ordinary maintenance of Placid Refining Company, L.L.C.
In opposing the motion for summary judgment, plaintiffs did not submit any evidence to attempt to rebut the presumption that Placid Refining Company, L.L.C. was their "statutory employer." Rather, plaintiffs assert that liability is premised on Placid Refining Company, L.L.C.'s intentional acts.
Generally, the Louisiana Workers' Compensation Act provides for compensation if an employee sustains personal injury as the result of an accident arising out of and in the course of employment. La. R.S. 23:1031. Ordinarily, the rights and remedies granted to an employee under the Act are exclusive of all rights and remedies against the employer, any officer or principal of the employer, or any co-employee. See La. R.S. 23:1032(A). However, an exception to this rule is liability from an intentional act. See La. R.S. 23:1032(B).[5] When a plaintiff sustains damages as a result of an intentional tort committed by a co-employee during the course and scope of his employment, the exclusivity provisions of the Louisiana Workers' Compensation Act do not apply. Cole v. State, Department of Public Safety and Corrections, 01-2123 (La. 9/4/02), 825 So.2d 1134, 1138-39 (citing Quebedeaux v. Dow Chemical Company, 01-2297 (La. 6/21/02), 820 So.2d 542, 545).
Because we found no error in the trial court's refusal to allow plaintiffs' amendment of their petition to assert "intentional acts" as a basis of liability, we conclude there are no genuine issues of material fact regarding whether plaintiffs' alleged exposure was caused by any intentional actions of Placid Refining Company, L.L.C. However, we note that even if the trial court had allowed the proposed amendment of the petition, plaintiffs failed to establish that there was a genuine issue of material fact that would have precluded summary judgment. In its reply memorandum in support of the motion for summary judgment, defendants pointed out that plaintiffs' allegations of an intentional tort were completely unsupported by depositions or affidavits and asserted the allegations were completely false. Because plaintiffs failed to produce factual support sufficient to establish that they will be able to satisfy their evidentiary burden of proof at trial, plaintiffs failed to establish a genuine issue of material fact. See La. C.C.P. art. 966(C)(2). Accordingly, the trial court properly concluded that Placid Refining Company, L.L.C. was entitled to judgment as a matter of law.

III. CONCLUSION
For these reasons, we affirm the trial court's judgment. Appeal costs are assessed against plaintiffs-appellants.
AFFIRMED.
DOWNING, J., dissents and assigns reasons
As a matter of law, the trial court erred in failing to allow the plaintiffs to amend their petition to assert an intentional acts claim. Accordingly, the trial court also erred in failing to grant a continuance of the motion for summary judgment and in granting the defendants' motion for summary judgment.
In Rainey v. Entergy Gulf States, Inc., 01-2414, pp. 4-7 (La.App. 1 Cir. 11/8/02), 840 So.2d 586, 589-90, reinstated, 01-2414, p. 3 (La.App. 1 Cir. 6/25/04), 885 So.2d 1193, 1196, this court discussed the jurisprudence regarding liberal amendment of pleadings. Basing our decision on Giron v. Housing Authority of City of Opelousas, 393 So.2d 1267, 1270 (La.1981) and Premier Bank, National Assn. v. Robinson, 618 So.2d 1037, 1039-1040, (La.App. 1 Cir.1993), we concluded the following:
[A]mendments to pleadings should be allowed if (1) the movant is acting in good faith; (2) the amendment is not being used as a delaying tactic; (3) the opponent will not be unduly prejudiced; and (4) the trial will not be unduly delayed.
Raney, 01-2414 at p. 5, 840 So.2d at 589-90.
Here, a trial date has not been set, there is no evidence that the defendant would be prejudiced by a delay, there is no evidence that plaintiffs are using its motion to amend as a delaying tactic, and there is no evidence that the motion is being made for anything other than to assert that defendants' acts were intentional, a good faith basis on which they might recover against them. No basis in the record exists to support the majority's conclusion that the "trial court apparently concluded that plaintiffs asserted the proposed amendment as a delay tactic." Accordingly, the trial court was required by law to allow the plaintiffs to amend their petition. Therefore, I would reverse and vacate the judgment of the trial court and order it to allow the plaintiffs to amend their petition. To do otherwise creates a resulting injustice to the plaintiffs who are wrongly being dismissed on procedural grounds rather than on the merits.
Since the trial court abused its discretion in denying plaintiffs the opportunity to amend their petition, it also abused its discretion in failing to grant a continuance on the motion for summary judgment. Under La. C.C.P. art. 966C, a summary judgment shall be granted only "[a]fter adequate discovery or after a case is set for trial." Clearly, had the trial court allowed the petition to be amended, adequate discovery on the issues raised by the amendment could not have been completed in under four days. Accordingly, the motion for summary judgment should have been continued to allow time for adequate discovery.
Louisiana Code of Civil Procedure art. 5051 provides: "the articles of this Code are to be construed liberally, and with due regard for the fact that rules of procedure implement the substantive law and are not an end in themselves." Here, where no evidence exists in the record that defendants would be prejudiced by a continuance and where no evidence shows bad faith or intent to delay by the defendants, the failure to allow amendment to the petition and continuance of the summary judgment rule defeats the stated purpose of the rules of civil procedure. Not only are we disregarding the clear direction of our decision in Rainey, we are, without a reasonable basis, allowing procedure to prevail over substantive law.
NOTES
[1] Rule 9.9(b) of the Louisiana Rules for District Courts sets forth:

A party who opposes an exception or motion must concurrently furnish the trial judge and serve on all other parties an opposition memorandum at least eight calendar days before the scheduled hearing. The opposition memorandum must be served on all other parties so that it is received by the other parties at least eight calendar days before the hearing, unless the court sets a shorter time.
Plaintiffs' certificate of service indicates that service of their opposition memorandum was not in compliance with this rule; the memorandum was not served on the defendants until June 5, 2006. See La. C.C.P. art. 966(B); La. Dist. Ct. R. 1.0, comment (a).
[2] Plaintiffs do not present any arguments challenging the ruling in favor of Placid Holding Company. Therefore, on appeal, we consider only the propriety of the trial court's judgment with respect to Placid Refining Company, L.L.C.
[3] This court in Rainey further noted, "Even if the trial had been fixed for December 6, 2000 at the time the motion was filed, there was a three-month (90 day) time period between the request for the amendment and the trial. Pursuant to the authority of Beard v. Circle K, Inc., 554 So.2d 825 (La. App. 1 Cir. 1989), the trial court still would have abused his [sic] discretion."
[4] The record contains the affidavit of Gary Fuller, Vice President and Refinery General Manager of Placid Refining Company, L.L.C. Mr. Fuller's affidavit identified the contract as a "true and correct copy of the Master Contract between Placid Refining Co., L.L.C. and Mac-Nett Industries, Inc."
[5] La. R.S. 23:1032(B) provides, "Nothing in this Chapter shall affect the liability of the employer, or any officer, director, stockholder, partner, or employee of such employer or principal to a fine or penalty under any other statute or the liability, civil or criminal, resulting from an intentional tort."